# CIRCUIT COURT OF NORTHUMBERLAND COUNTY

First Federal Savings Bank
of Shenandoah Valley

v.

Lois Eileene Johnson

June 3, 1996

BY JUDGE JOSEPH E. SPRUILL, JR.

Billy G. Dowdy and Eileene Johnson purchased a parcel of land in Northumberland County as joint tenants with common law rights of survivorship in 1983. Simultaneously, they acquired a loan and executed a purchase money deed of trust. After acquiring the property, these parties married. Later they entered into a separation agreement and divorced. Thereafter, in 1991, Mr. Dowdy died intestate.

In 1992 Johnson executed a deed of trust against the entire property securing a loan she acquired from First Federal Savings Bank of Shenandoah Valley. A portion of the loan proceeds was used to pay off the prior deed of trust.

First Federal, the Complainant, brings this declaratory judgment action asking that its deed of trust be found to constitute a valid first lien against the entire property and that the interest of the Dowdy heirs be subordinate to this instrument.

The Dowdy heirs argue that they own an outstanding undivided one-half interest in the subject property as tenants in common with Johnson and that their interest is not and should not be encumbered by First Federal's deed of trust.

When Dowdy and Johnson divorced, the interest of each in the subject property was converted into a tenancy in common. Virginia Code § 20-111.

Upon Dowdy's death, his interest passed to his heirs at law. Virginia Code § 64.1-1.

Thereafter, Johnson undertook to convey the entire property in trust. But the interest of the Dowdy heirs was not hers to convey, and her attempt to encumber this interest is a nullity. The Supreme Court in *Overby v. White*, 245 Va. 446 (1993), relied on by the Dowdy heirs, held as follows:

> one tenant in common cannot bind his co-tenant personally nor by any unauthorized agreement or act in respect to the common property. There is no relationship existing between co-tenants, as between partners, which will render the acts of one co-tenant respecting the common property binding on the others. No action of one or more of several tenants in common can impair the rights of the other co-tenants.

Applying this principle, Johnson could not impair the property rights of the Dowdy heirs when she signed the deed of trust and note. Neither the deed of trust nor the note can affect the Dowdy heirs' property rights because they did not execute these documents or authorize anyone to execute them on their behalf.

First Federal next argues that, should the Court find *Overby* controlling, as we do, the bank has a claim superior to the Dowdy heirs by virtue of the separation agreement and requests the Court to impose a constructive trust against the interest of the heirs in favor of the bank. The failure to do so, argues the bank, will result in unjust enrichment to the heirs.

Just such a claim was made in *Overby*. In *Overby*, the loan proceeds were used to renovate improvements on property owned by the parties. The Supreme Court, finding that there was no evidence of fraud or any other improper acts, refused to impose a constructive trust, concluding that the innocent party was not, under these circumstances, unjustly enriched.

Here the facts are somewhat different. The property came to the Dowdy heirs subject to the unpaid balance of the prior deed of trust. Moreover, the disposition of this property was agreed upon between Dowdy and Johnson in their separation agreement. This agreement provided that the property would be sold and, from the proceeds of sale, the lien of the deed of trust would be satisfied in full. Thus, the heirs inherited the property subject to their share of the balance due under this lien. To that extent only (being one-half of the outstanding balance at the time), it is equitable that their interest be subject either to a constructive trust or to an equitable lien. This will place the heirs in precisely the position they were in at the time they inherited Mr. Dowdy's interest in this property.

There are no factual disputes here as agreed by the parties, and the matter was submitted to the Court after arguments heard on May 16 on the heirs' motion for summary judgment. Subject to the foregoing, the motion is granted.