## Richmond

### ANN E. DILLENBERG V. BO W. THOTT.

November 24, 1976.

Record No. 750988.

Present, All the Justices.

*Charles O. Cake (Howard, Stevens, Lynch, Cake & Howard, P.C.,* on brief), for appellant.

*Harry D. Sizemore,* for appellee.

I'ANSON, C.J., delivered the opinion of the court.

Bo W. Thott, appellee herein, filed his bill of complaint against the appellant herein, Ann E. Dillenberg, alleging *inter alia* that the parties, while husband and wife, orally agreed that appellee would acquire a one-half interest in and to appellant's solely owned home in return for certain cash payments to her; that the payments had been made; and that the appellant had failed to convey to appellee the interest in the property. Appellee prayed that the Chancellor impress a trust on the real property to secure repayment of the amount of his cash advanced; that the

property be sold to satisfy the amount of the trust; and that he be granted such further relief as may be proper.

Appellant admitted in her answer the existence of the oral agreement and receipt of the payments. She alleged, however, that she and appellee had mutually agreed to substitute a second agreement for the first, whereby they had executed reciprocal wills to remain in effect during marriage, rather than to convey the property by deed. She prayed that the appellee be denied the relief sought. She also pleaded the statute of frauds.

After hearing the testimony of the parties *ore tenus*, the Chancellor denied appellee the equitable relief sought but held that appellant had "a moral obligation" to repay the sum paid to her and entered judgment against her for the sum of $5,925.34.

Appellant contends that the Chancellor erred in entering judgment against her because (1) she had fully performed her agreement with appellee; (2) appellee had an adequate remedy at law; and (3) the relief granted exceeded the prayer in appellee's bill of complaint.

The evidence is undisputed. It shows that on November 20, 1967, the appellant purchased a home in Fairfax County, Virginia for approximately $51,000. Approximately $40,000 of the purchase price was secured by a deed of trust, and the down payment of approximately $11,000 was obtained on a demand note secured by stocks and bonds valued at $22,000.

The parties were married on January 18, 1968. After their marriage, the parties orally agreed that the wife would convey a one-half interest in the property in return for the husband's payment to her of one-half of the $11,000 and one-half of the cost of certain household appliances. The husband also agreed to make one-half of the monthly mortgage payments. On May 22, 1968, the husband paid the wife $3,000 and on February 21, 1969, he paid her $2,925.34, which sum included payment of one-half the cost of the household appliances.

On January 20, 1969, before the latter payment, the parties consulted an attorney to determine whether it would be more advantageous for tax purposes to have reciprocal wills rather than a conveyance by deed of the one-half interest in the house to the husband. Each party paid one-half of the attorney's fee. After discussion of the "legal ramifications involved," and upon advice of counsel, the parties agreed and did execute reciprocal wills leaving their respective entire estates to each other. The

wills did not specifically mention the home. Both wills set up trusts for the benefit of the parties' children by their former marriages.

The husband testified that the marriage was not harmonious. He left the wife after they had lived together about six weeks, but they resumed cohabitation shortly thereafter. In March, 1970, the parties separated, and they were divorced by a decree entered in January, 1972. Both wills were revoked after the separation. The husband also testified he fully understood that by electing to execute reciprocal wills rather than a conveyance by deed of one-half of the interest in the property, he had no assurance that he would inherit any of the wife's property if the marriage terminated prior to her death. He said his assurance of inheriting the property was "only by her honor."

The wife argues that the new agreement was substituted for the old one, thereby creating a novation which extinguished the obligation she had under the old agreement; and that she had fully performed the new agreement.

A novation is a substitution by mutual agreement of one debtor for another or one creditor for another, whereby the old debt is extinguished, or the substitution of a new valid obligation for an existing one, which is thereby extinguished. *Land Corporation* v. *McFarland*, 203 Va. 387, 392, 124 S.E.2d 212, 215 (1962).

" 'In order to effect a novation there must be a clear and definite intention on the part of all concerned that such is the purpose of the agreement, for it is a well-settled principle that novation is never presumed.' " *J. M. Turner & Co.* v. *Delaney*, 211 Va. 168, 172, 176 S.E.2d 422, 425 (1970). However, whether that intention existed is to be determined from all the facts and circumstances incident to the new agreement. *Mitchell* v. *Cox*, 189 Va. 236, 243, 52 S.E.2d 105, 109 (1949).

In the present case we construe the trial judge's statement in denying the prayed for equitable relief to mean that the second agreement had been substituted for the first and that under the second agreement appellee did not get any present interest in the property. We agree with the trial court in denying the equitable relief prayed for. We do not agree that appellee was entitled to a money judgment based on a moral obligation.

Here the parties mutually agreed, after obtaining advice of counsel, that they would derive tax benefits if they executed mutual wills, rather than if the wife conveyed a one-half interest in the property to the husband. The second agreement was fully executed by the parties, and it entirely susperseded the first. While it is true there is no direct testimony that there was a definite agreement to effect a novation, the acts and conduct of the parties show that was their intent. The execution of mutual wills in which each party left his entire estate to the other and the receipt of tax benefits was what was agreed upon and accepted by the parties in consideration of the discharge of the indebtedness under the first agreement. The subsequent revocations of the wills by each party did not destroy or alter the effect of the novation, nor did they revive the first agreement.

Because the decree in this case will have to be reversed and final decree entered for the appellant, it is unnecessary to discuss the other assignments of error.

For the reasons stated, the decree is reversed and final decree is here entered for the appellant.

*Reversed and final decree.*