DOROTHY BLACK, ET AL.

V.

RICHARD EDWARDS, EXECUTOR OF THE
ESTATE OF JAMES G. KEENE, DECEASED, ET AL.

Record No. 930788

June 10, 1994

Present: All the Justices

*Harry J. Kostel*, for appellants.
*Louis J. Richman, Jr.,* for appellees.

JUSTICE WHITING delivered the opinion of the Court.

This case involves the mutual and reciprocal wills of a husband and wife. The primary issue is whether, as a matter of law, the testimony of the scrivener of the wills established a contract between the spouses for the disposition of their property upon the death of the survivor.

In May or June 1991, James G. Keene and his wife, Rebecca T. Keene, asked Gerald D. Robertson, an attorney, to prepare wills for them leaving their respective properties to the survivor. The wife had no children; the husband had children by a prior marriage.

When Robertson told the Keenes that the survivor would have the power to dispose of their combined estates, the Keenes responded that they wanted the survivor's estate divided among eight persons. Thereafter, each spouse designated four relatives as beneficiaries. Robertson then explained to the Keenes that if they signed mutual and reciprocal wills, "this would be a contract between the two of them, that they would each, the ultimate survivor, would agree to leave the property as the wills were originally drawn."

Robertson testified that he had not drawn a joint will, or a separate contract reflecting such an agreement, nor had he recited the agreement in the wills because he thought the Keenes "had a clear understanding of . . . how the ultimate beneficiaries would

take the property." Instead, Robertson prepared a will for each spouse under the terms of which the surviving spouse would receive the entire estate of the first decedent and the eight parties named by the Keenes in their wills would receive the estate of the survivor.

On June 27, 1991, both wills were executed. The wife died two months later, on August 31. The husband revoked his June 27 will by executing a will on September 10, 1991. That will left his property to his two sons and the same four relatives he had named in his June 27 will. The husband died on November 7, 1991, and shortly thereafter his September 10 will was probated.

The persons named by the wife as beneficiaries in her June 27 will filed this suit against the executor and beneficiaries of the husband's September 10 will. In this suit, they sought their share of the husband's estate under the June 27 will.* At an *ore tenus* hearing, the plaintiffs presented Robertson's testimony and other evidence and the defendants presented no testimony. After argument, the court concluded that Robertson's testimony was "not sufficient to establish a reciprocal will" and found for the defendants. The plaintiffs appeal.

■ We recognized the enforceability of contracts to make mutual and reciprocal wills in *Williams v. Williams*, 123 Va. 643, 648-49, 96 S.E. 749, 751 (1918). Proof of such contracts may be supplied by "competent witnesses who testify to admissions of the testators, or it may result as an implication from the circumstances and relations of the parties and what they have actually provided for by the instrument. Direct evidence is not necessary." *Id.* at 649-50, 96 S.E. at 751. However, such proof must be "clear and satisfactory." *Id.* at 649, 96 S.E. at 751.

■ Further, the standard of review of the evidence in this case has been established by statute and our cases construing that statute.

When a case is decided by a court sitting without a jury and, as here, parties object to the decision on the ground that it is

---

* Dorothy Black, Lale Bee Hicks, *Larry J. Wright*, *Curtis J. Wright*, and Charles O. Wright are named as complainants in this action. The copy of the husband's June 27 will in the record lists Dorothy W. Black, Lala Bee Hicks, *Larry J. Curtis*, and Charles O. Wright as the four persons apparently named by the wife. The record contains no explanation of the insertion of the name of a fifth plaintiff or of the discrepancy between the underlined names in the will and bill of complaint.

contrary to the evidence, the judgment of the trial court will not be set aside, "unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it." Code § 8.01-680.

*City of Hopewell v. County of Prince George*, 239 Va. 287, 296, 389 S.E.2d 685, 690 (1990).

However, a trial court's conclusion based on evidence that is "not in material conflict" does not have this binding effect on appeal. The trier of fact must determine the weight of the testimony and the credibility of the witnesses, but it "may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record."

*Hankerson v. Moody*, 229 Va. 270, 274, 329 S.E.2d 791, 794 (1985) (citations omitted).

■ Applying these principles, we conclude that the uncontradicted testimony of Robertson, an unimpeached witness, was "not inherently incredible" and was consistent with the facts in the case. That testimony clearly and satisfactorily indicated that both spouses understood that, upon execution of their wills, they were contracting to leave the property remaining at the survivor's death to the eight parties named in those wills. Under these circumstances, the trial court's decision that the evidence was "not sufficient to establish a reciprocal will" was plainly wrong.

■ Even so, defendants note that the marital residence held by the husband and wife as tenants by the entirety was the wife's only property interest established by the record. Thus, the defendants contend, there was no consideration for the husband's alleged contractual agreement. We reject this argument because sufficient consideration is supplied by the mutual agreement that the third parties named as beneficiaries in each spouse's June 27 will would ultimately receive the balance of the survivor's estate. *See Williams*, 123 Va. at 648-49, 96 S.E. at 751.

■ Finally, the defendants argue that the contract cannot be enforced because it was an oral postnuptial agreement which was not in writing, as required by Code §§ 20-155 and -149. Code § 20-155 provides:

> Married persons may enter into agreements with each other *for the purpose of settling the rights and obligations of either or both of them,* to the same extent, with the same effect, and subject to the same conditions, as provided in §§ 20-147 through 20-154 for agreements between prospective spouses, except that such marital agreements shall become effective immediately upon their execution.

(Emphasis added.) Code § 20-150 provides in pertinent part that parties to a premarital agreement may contract with respect to "[t]he disposition of property upon separation, marital dissolution, death" and the "making of a will . . . to carry out the provisions of the agreement[.]" Code § 20-149 requires that a "premarital agreement shall be in writing and signed by both parties."

In support of their expansive reading of "marital agreements," the defendants note that their construction of Code § 20-155 is consistent with § 2-701 of the Uniform Probate Code, 8 U.L.A. 155 (1983), which requires written evidence of *any* party's agreement not to revoke a will. However, Virginia has not adopted such a provision, and we do not think that the legislature intended Code § 20-155 to require that contracts between spouses be in writing, while permitting other persons to make such contracts orally.

Rather, we are of opinion that the emphasized portion of Code § 20-155 clearly limits its provisions to those contracts affecting those "rights and obligations" that arise from the marital relationship. Here, each spouse's contractual intent to benefit third parties after the death of both spouses did not affect the "rights and obligations" arising from the Keenes's marital relationship. Thus, we conclude that Code § 20-155 is inapplicable.

For these reasons, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*