# CIRCUIT COURT OF FAIRFAX COUNTY

Brenda Stevens

   v.

Susan Rittenberry

June 15, 1998

Case No. (Chancery) 146736

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter was tried before this Court on May 19, 1998, on Ms. Steven's Bill of Complaint seeking, among other things, to uphold as binding and irrevocable, certain wills executed by Frank and Virginia Holsten. These wills purported to give Ms. Stevens all real, personal, and mixed property previously owned by the Holstens. After witness testimony and argument from Mr. Herbert L. Karp, counsel for the complainant, and Mr. Christian C. Westerman, counsel for the defendant, I took the matter under advisement.

On October 10, 1991, Frank and Virginia Holsten executed two separate documents entitled "Last Will and Testament." Each of the documents contained provisions devising all of the real, personal, and mixed property of the Holstens to the surviving spouse, with the property to be given to Ms. Stevens upon the death of the survivor. On April 25, 1992, Virginia Holsten died. On July 22, 1994, Frank Holsten executed a new document entitled "Last Will and Testament." The July 22, 1994, document purported to give all of Frank Holsten's real, personal, and mixed property to Susan Rittenberry. Frank Holsten died on November 22, 1995, and on December 5, 1995, the July 22, 1994, instrument was admitted to probate.

At trial Ms. Stevens presented witnesses who testified that they had discussions with Virginia Holsten regarding a "joint agreement" or "pact" between the Holstens to give all of the Holsten's property to Ms. Stevens. Several of the witnesses stated that Frank Holsten was in close proximity to

these discussions and acknowledged, either affirmatively or through silence, that the Holstens intended to give all of their property to Ms. Stevens. The testimony of Helen Lerro, a nurse at Mount Vernon Hospital who treated and became close to Virginia Holsten, indicated that Virginia Holsten was knowledgeable about overseeing the Holstens' assets and "very smart" in the areas of money management and taxes. Ms. Lerro testified that the majority of the Holstens' assets were attributable to the skill and hard work of Virginia Holsten. Ms. Stevens testified she had conversations with Virginia Holsten about the Holstens' wills and that Frank Holsten, after Virginia Holsten's death, showed Ms. Stevens the wills and stated that they were "as promised." Ms. Stevens argued that the testimony at trial was not inconsistent with the existence of a contract between the Holstens. Ms. Stevens argued that based on this testimony, the Court could find that the provisions of the Holstens' wills leaving their property to Ms. Stevens constituted an irrevocable agreement. Ms. Stevens argued that since the Holstens' wills were irrevocable, the July 22, 1994, will that left the Holstens' property to Ms. Rittenberry was without effect.

Ms. Rittenberry argued that the testimony of Ms. Steven's witnesses was insufficient to establish that the intentions of the Holstens, as set forth in the original wills, constituted a binding agreement. Ms. Rittenberry argued that the agreed testimony of Edward White, the attorney who drafted the original wills and Frank Holsten's second will, supported the position that the original wills were not contractual. Mr. White testified that it was not his intention, nor his clients' expressed intention to prepare mutual, binding wills that would be irrevocable. Mr. White further testified that he would not have drafted the second will for Frank Holsten, changing the beneficiary, if he believed the original will was irrevocable. Finally, Ms. Rittenberry argued that Ms. Steven's testimony regarding the irrevocability of the Holsten's original wills was not sufficiently corroborated and thus failed to satisfy the requirements of Virginia's deadman's statute. *See* Va. Code Ann. § 8.01-397.

In order to establish that the Holstens' wills were made pursuant to an agreement or contract, and are thus irrevocable, Ms. Stevens must provide clear and satisfactory proof of the agreement. *See Williams v. Williams*, 123 Va. 643, 649 (1918). Proof of the agreement may be "supplied by competent witnesses who testify to the admissions of the testators, or it may result as an implication from the circumstances and relations of the parties and what they actually provided for by the instrument. Direct evidence is not necessary." *See Black v. Edwards*, 248 Va. 90, 92 (1994). At trial, the complainant produced no direct evidence of a contract or agreement between Frank and Virginia

Holsten. However, as stated in *Black,* direct evidence is not necessary. *Id.* at 92.

After considering the testimony of witnesses, the arguments of counsel, and the burden of proof Ms. Stevens must satisfy in this case, I make the following findings. Frank and Virginia Holsten expressed a clear, then-present intention to leave all of their property to each other, with Ms. Stevens to inherit the property upon both of their deaths. This then-present intention was indeed reflected in the wills they originally executed. However, there is insufficient evidence that the then-present intention of the Holstens was an irrevocable obligation. In fact, the evidence supports the position that the creation of an irrevocable obligation was not contemplated by the Holstens.

The testimony of Ms. Lerro indicated that Virginia Holsten was an intelligent woman with knowledge of finances, asset and money management, and taxes. The testimony of several other witnesses indicated that Virginia Holsten had a strong desire to give Ms. Stevens all of the Holstens' assets upon the death of the surviving spouse. However, despite Virginia Holsten's apparently keen business sense and desire to benefit Ms. Stevens, the agreed testimony of Edward White indicated that Virginia Holsten never expressed any intention to place provisions in the Holstens' wills that would protect Ms. Stevens' interests. In fact, Edward White testified that it was not his intention nor his clients' expressed intentions to prepare mutual binding wills. In addition, the Holstens never informed Mr. White that the wills were being drafted pursuant to an agreement or contract.

Next, the testimony of Ms. Stevens regarding a discussion with Frank Holsten where Frank Holsten showed Ms. Stevens the wills and stated they were "as promised" is not sufficiently corroborated under Va. Code § 8.01-397. Pursuant to § 8.01-397, Ms. Stevens, as an interested party, may not receive a judgment in her favor unless her testimony is sufficiently corroborated. The amount of corroboration will vary from case to case, and it need not be conclusive. *See Penn v. Manns,* 221 Va. 88, 93 (1980). In the present case, there is sufficient corroboration to support the position that Frank Holsten was nearby and likely overheard conversations regarding Virginia Holsten's desire to leave the Holstens' property to Ms. Stevens. Testimony regarding those conversations is probative of the then-present intentions of the Holstens to leave Ms. Stevens their property but is not conclusive of whether a binding agreement never to alter that intention existed. Testimony, if corroborated, which indicated that Frank Holsten showed Ms. Stevens the wills and stated they were "as promised," would be probative on the issue of the contractual nature of the wills. However, there is not sufficient evidence to establish that Frank Holsten ever made such a statement to Ms. Stevens. In

addition, testimony from other witnesses regarding conversations that Frank may have overheard is not sufficient to support the position that Frank Holsten made such a statement to Ms. Stevens.

Under *Black*, Ms. Stevens may present evidence of the circumstances and relations of Frank and Virginia Holsten to support the position that the wills were contractual. *Black*, 248 Va. at 92. Ms. Stevens testified about her own relations with the Holstens. Her testimony indicated that Ms. Stevens was "very close" with Virginia Holsten and not "as close" with Frank Holsten. I find Ms. Stevens' testimony regarding her relations with the Holstens to be consistent with the position that Virginia Holsten desired that Brenda Stevens receive everything and that Frank likely desired the same thing, or at least did not object to Brenda Stevens' receiving the Holstens' property. However, the fact that Frank was not "as close" to Ms. Stevens also tends to support the position that Frank Holsten would be less likely to enter into an irrevocable agreement to give everything to her. At trial no testimony was given to indicate the type of relations that Ms. Rittenberry had with either of the Holstens. Ultimately, nothing presented at trial revealed any relations of the Holstens, either between themselves or with others, which would be dispositive in proving that the Holstens entered into a binding agreement for the benefit of Brenda Stevens.

Finally, I agree with Ms. Stevens' argument that the testimony at trial was not inconsistent with the existence of a contract between the Holstens. However, simply because testimony is not inconsistent with the existence of a contract does not mean it is sufficient to satisfy the "clear and satisfactory proof" standard set forth in *Williams*. In this case, neither the wills executed by the parties, nor the testimony of witnesses at trial, nor the surrounding circumstances are sufficient to establish the existence of a binding obligation on behalf of Mr. Holsten upon the death of his wife. Under *Black* and *Salley v. Burns*, 220 Va. 123 (1979), Ms. Stevens was required to establish an irrevocable contract between the Holstens through the language of the will, extrinsic evidence supplied by witnesses testifying to the admissions of the testators, or by clear implication from the surrounding circumstances. Ms. Stevens failed to meet this burden, and therefore, I find in favor of the defendant.