# CIRCUIT COURT OF FAIRFAX COUNTY

Cox

v.

Mixon

January 4, 2000

Case No. C158147

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on November 19, 1999, on Defendant's Demurrer to Plaintiff's Amended Bill of Complaint. After careful consideration of the arguments of both counsel, submitted briefs, and a review of the applicable law, this Court overrules Defendant's Demurrer and allows the case to proceed on its merits. The questions before this Court with respect to Defendant's demurrer are (1) whether or not the requirements of § 20-147 *et seq.* preclude the formation of an enforceable contract between the Plaintiff and the deceased; (2) whether sufficient facts were alleged to support the Plaintiff's allegation that Defendant exerted undue influence on her mother to cause her to breach a contract with the Plaintiff, and (3) the existence of a valid contract sufficiently alleged in the Bill of Complaint on which to impose a constructive trust.

There are allegations in the record that there were two promises made in this case: one prior to the marriage and the other subsequent to the marriage. Therefore, both Va. Code §§ 20-149 and 20-155 apply. These two statutes are forms of the Statute of Frauds, subject to the demands of the Statute of Frauds as well as its exceptions. Section 20-149 requires a premarital agreement to be in writing and signed by both parties. However, the Court in *Richardson v.*

*Richardson,* 10 Va. App. 391 (1990), upheld an oral argument which compromised and settled equitable distribution issues, in spite of the language of § 20-150(3), which says that parties *may* contract with respect to the disposition of property upon separation, marital dissolution, death, or the occurrence or nonoccurrence of any other event. The statute permits parties to contract on equitable distribution issues but does not require it. The statute does not use the obligatory "shall." Counsel for Defendant cites § 20-150(6) as controlling in that parties to a premarital agreement may contract with respect to the ownership rights in and disposition of the death benefit from a life insurance party. The statute permits, but again does not require, a written premarital agreement to cover the death benefit from a life insurance policy. Section 20-155 places the same requirements on postmarital agreements as on premarital agreements, but in *Black v. Edwards,* 248 Va. 90, 445 S.E.2d 107 (1994), the Court limited the written requirement to those contracts affecting those "rights and obligations" that arise from the marital relationship. The question here is whether the designation as beneficiary of a life insurance policy necessarily arises from a right or obligation of the marital relationship. It does not. Section 11-2 requires agreements made upon consideration of marriage to be in writing. Certainly the intent of the legislature in requiring all of these contracts to be in writing was to protect parties in contemplation of divorce from fraud, not to preclude the enforcement of every oral promise made between potential or actual spouses. To do so would afford spouses and potential spouses no remedy from the strict requirements of the Statute of Frauds, for which there are specific exceptions. One of the exceptions to the requirement for a writing is the partial or full performance by one of the parties. *Clark v. Atkins,* 188 Va. 668, 51 S.E.2d 222 (1949). In *Clark,* the Court upheld the right of the decedent's son to inherit the family business, although the contract was oral, stating that:

> courts of equity will not allow the statute of frauds to be used as an instrument of fraud. Contracts like the one involved in the instant case were taken out of the operation of the statute and enforced in chancery because the remedy at law was not adequate and it would amount to a fraud on the party who, in reliance on the contract, had performed it.

*Id.* at 669. The Bill of Complaint alleged the amount of the antecedent debt and full payment of the debt, neither of which was disputed in Defendant's answer. This is sufficient to withstand a demurrer and take this oral contract outside of the Statute of Frauds and outside of §§ 20-149 and 20-155.

Counsel for Plaintiff also argued that a novation occurred and that the second promise, made after the marriage, extinguished the existing obligation to "take care of him" and replaced it with a valid oral postnuptial agreement under which Harris would name Cox as the beneficiary of a life insurance policy. The amount of the insurance, the company issuing the policy, and the policy number is all averred in the Amended Bill of Complaint. This is sufficient to establish the terms of the new agreement. Defendant admitted in the answer to the First Bill of Complaint that Plaintiff was the beneficiary of a life insurance policy and that the policy was changed to name Defendant as beneficiary.

The Court finds the language of *Dillenburg v. Thott*, 217 Va. 433 (1976), authoritative on the novation argument. In *Dillenburg*, the married parties agreed to convey to each other a one-half interest in property. The husband performed his part of the promise, which was payment to wife of $11,000.00 and one-half of the cost of certain household appliances. After consultation with an attorney, the parties changed the agreement and agreed to execute reciprocal wills leaving their respective entire estates to each other. The wills did not mention the marital home. The Court found that a novation had occurred; that the new agreement was substituted for the old one; and that the conduct of the parties showed their intent. The difference in this case is that the first promise occurred prior to and not subsequent to the marriage. However, because of full performance alleged by Plaintiff and not denied by Defendant, the fact that the agreement was not written is not fatal to the Plaintiff's argument.

Plaintiff alleged undue influence in the Amended Bill of Complaint. Weakness of mind and serious disabling physical illness may be badges of fraud concerning the execution of an instrument, especially when they occur with suspicious circumstances. *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937). A presumption of undue influence is warranted when the testator or grantor is physically or mentally enfeebled, where she named a beneficiary who stood in relation of confidence or dependence, and where she had previously expressed an intention to make a different disposition of the property. *Martin v. Phillips*, 235 Va. 523, 369 S.E.2d 397 (1988). Plaintiff alleged Defendant was aware of the existence of a life insurance policy in his name, that decedent Harris was ill from lymphoma and on constant medication that rendered her mental state irrational and erratic. A parent/child relationship has been held to be one of confidence. *Id.* at 528. In August of 1997, during a visit to Defendant's home, Plaintiff alleges that pressure was exerted on the decedent to change the beneficiary of the policy. Because the conversation was in Thai, it is impossible for Plaintiff to prove what was said, but he has

alleged that on August 21, 1997, outside of Plaintiff's knowledge and presence, the Defendant prepared a written change of beneficiary and had her mother sign it. Also alleged was an admission by the Defendant in December of 1997 that she had caused her mother to change the beneficiary of the policy. These are sufficient facts to withstand demurrer as to undue influence.

Finally, a constructive trust is a proper remedy when property is given or devised to a defendant in breach of a donor's contract with a plaintiff. This is true even though the transfer is not the result of a breach of a fiduciary duty or an actual or constructive fraud practiced upon the plaintiff and the donee and the devisee had no knowledge of the wrongdoing or the breach of contract. *Jones v. Harrison*, 250 Va. 64 (1995). In *Jones*, the decedent's children brought suit to impose a constructive trust on the proceeds of a life insurance policy paid to the decedent's second wife. The award to the wife was contrary to the agreement made in the parties' property settlement agreement, incorporated in the final decree of divorce. The Court held that it did not matter if the wife had knowledge of the decedent's obligation to his children and that her gratuitous receipt of the life insurance proceeds was a proper basis for the imposition of a constructive trust in favor of the children. The only difference between *Jones* and this agreement is that in *Jones* there was a writing. The writing requirement had already been disposed of by Plaintiff's allegation that he fully performed his part of the bargain. In this case, there is an allegation of undue influence, although none is necessary to avail the Plaintiff of the remedy of a constructive trust.

In consideration of this Commonwealth's reliance on a court of equity to provide a remedy to a Plaintiff who has fully performed his part of an oral agreement and sufficiently pleaded such facts in his Amended Bill of Complaint, the Court overrules the demurrer and will allow the case to proceed on its merits.