# CIRCUIT COURT OF WISE COUNTY

Sheila Shupe
and Sharon Pigeon

v.

James Allen Cole

March 27, 2001

Case No. CL 97-347

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to issue the ruling of the Court in the above matter. In this regard, I approve the verdicts of the jury on the issues out of chancery. Accordingly, I dismiss the bill of complaint of Sheila Shupe and Sharon Pigeon requesting the Court to enter an order declaring that James Allen Cole has breached the contract to make mutual and reciprocal wills with his former wife, Joan B. Cole. Further, I dismiss the claim of Sheila Shupe against James Allen Cole for wrongful conversion of funds belonging to Sheila Shupe in a joint checking account with Joan B. Cole.

In an issue out of chancery, a jury verdict is "advisory or persuasive" on the court, and "serves to inform the conscience of the chancellor." *Angstadt v. Atlantic Mutual Ins. Co.*, 254 Va. 286, 292, 492 S.E.2d 118 (1997). In order for the court to rule contrary to the verdict of the jury in an issue out of chancery, the court must find that the evidence preponderates in favor of a ruling contrary to the jury verdict. *DeJarnatte v. Brooks Lumber Co.*, 199 Va. 18, 21, 97 S.E.2d 750 (1957). In the instant case, I cannot find that, by a preponderance of the evidence, the Court should enter a ruling contrary to the verdicts of the jury in the issues out of chancery. My reasons are set forth below.

The first two chancery issues submitted to the jury were as follows:

1. Was there a contract between Joan B. Cole and James Allen Cole to make mutual and reciprocal wills which has been established by clear and satisfactory evidence?

2. If you find that James Allen Cole and Joan B. Cole contracted to make mutual and reciprocal wills, has it been shown by a preponderance of the evidence that James Allen Cole breached such contract?

The jury verdict answered "Yes" to the first question of whether there was a contract to make mutual and reciprocal wills. The jury verdict answered "No" to the second question of whether it has been shown that James Allen Cole breached such contract. I find that these verdicts are supported by the evidence.

Contracts to make mutual and reciprocal wills may be established by both direct and circumstantial evidence. *Black v. Edwards*, 248 Va. 90, 92, 445 S.E.2d 107 (1994). The evidence in this case established that Joan B. Cole and James Allen Cole executed their respective wills on June 22, 1976. These wills contained substantially mirror provisions wherein Mrs. Cole left all of her estate to Mr. Cole, if he survived, and Mr. Cole left all of his estate to Mrs. Cole, if she survived. Additionally, the wills provided that, upon the last to die, the remaining estate would be distributed 40% to Sharon Pigeon, 40% to Sheila Shupe, and 20% to David Cole. Ms. Pigeon and Ms. Shupe were children of Joan B. Cole, and David Cole was the child of James Allen Cole. Prior to the death of Joan B. Cole, James Allen Cole secretly revised his will to increase the percentage to his son, David Cole, and reduce the percentage to Sharon Pigeon and Sheila Shupe. The evidence at trial established that James Allen Cole purposely kept this revision a secret. After the death of Joan B. Cole, James Allen Cole executed two new wills, with the last will completely excluding Sharon Pigeon and Sheila Shupe from any inheritance from James Allen Cole.

The facts and circumstances of the execution of the wills by Joan B. Cole and James Allen Cole were sufficient for the jury to find that they had entered into a contract for mutual and reciprocal wills which had been established by clear and satisfactory evidence. Accordingly, the verdict of the jury on issue No. 1 is affirmed and approved by the Court.

Next, the jury found that James Allen Cole had not breached the contract to make mutual and reciprocal wills. The evidence at trial showed that James Allen Cole gave to Joan B. Cole all of his "estate, real, personal and mixed, in fee simple and absolutely." Likewise, except for the property that Joan B. Cole acquired from the estate of her mother, she gave to James Allen Cole "all the rest, residue and remainder of my estate, real, personal and mixed, in fee simple and absolutely."

By virtue of the provisions of the wills of James Allen Cole and Joan B. Cole leaving their property in fee simple and absolutely to the survivor, there can simply be no breach of a contract to make mutual and reciprocal wills during his lifetime. The respective devise and bequest of James Allen Cole and Joan B. Cole to the survivor, is a general devise and bequest. It does not name any specific property. Thus, all property of either, in fee simple absolute, passes to the survivor. Accordingly, when James Allen Cole survived Joan B. Cole he could, in his life, transfer and liquidate the property in any manner he deems proper without a breach of the agreement of mutual and reciprocal wills. It is impossible to grant a fee simple absolute and then take it away.

The Supreme Court of Virginia has held that "When an estate in fee simple is devised in one part of a will, by clear and unambiguous words, such estate is not diminished nor destroyed by terms contained in another part of the instrument, unless such terms which reduce the estate be as clear and decisive as the words by which it was created." *Salley v. Burns*, 220 Va. 123, 134, 255 S.E.2d 512 (1979); *Smith v. Trustees of the Baptist Orphanage*, 194 Va. 901, 908, 75 S.E.2d 491 (1953). There are simply no words in the will of either James Allen Cole or Joan B. Cole which reduce or diminish the fee simple estate granted to the survivor in their respective wills.

In one Virginia case where it has been held that a contract to make mutual and reciprocal wills has been breached, there was a specific devise of land or bequest of property which was breached by a conveyance. In *Williams v. Williams*, 123 Va. 643, 96 S.E. 749 (1918), a husband and wife entered into mutual and reciprocal wills wherein they devised certain real property to their two daughters and other real property to their two grandchildren. The husband survived and conveyed all of the property, including the real estate which would be devised to the daughters, to the grandchildren. The Supreme Court of Virginia affirmed the decision of the trial court ruling that there had been a breach of the contract to make mutual and reciprocal wills. In *Williams, supra*, there was no devise or bequest in fee simple to the surviving spouse as in the instant case.

Similar to *Williams*, in *Black v. Edwards*, 248 Va. 90, 445 S.E.2d 107 (1994), the husband and wife executed mutual wills to divide the estate of the survivor among eight persons. After the death of the wife, the husband executed a new will and left the property to his sons and four relatives. *After the death* of the husband, a suit to establish the original wills as reciprocal wills was filed by the persons who were deleted in the subsequent will of the husband. The Supreme Court of Virginia reversed the ruling of the trial court which found that there was no contract for mutual and reciprocal wills. It should be noted that in *Black v. Edwards* the mutual wills provided that each

spouse would receive the entire estate of the first decedent, and upon the death of the last decedent, the eight persons would take under the wills. In *Black, supra*, the suit was brought after the death of the husband, the second to die. At that point, there was obviously a breach. In the instant, however, Mr. Cole has not died so there cannot be a breach of the contract. Accordingly, a preponderance of the evidence supports the verdict in favor of James Allen Cole that there has been no breach of the contract.

The third issue out of chancery was as follows:

3. Did James Allen Cole wrongfully convert funds belonging to Sheila Shupe and held in a joint checking account with Joan B. Cole?

The jury answered "No" to the third issue. This verdict is supported by a preponderance of the evidence.

The evidence established that the funds placed in the joint checking account were the funds of Joan B. Cole. There was evidence to support the inference that Joan B. Cole was competent at the time that the money was withdrawn from her account by James Allen Cole and that she approved these withdrawals. Accordingly, the jury could find by a preponderance of the evidence that the funds in the account were the funds of Joan B. Cole and that she gave permission of James Allen Cole to withdraw these funds. Again, I cannot find, by a preponderance of the evidence, that the Court should enter a ruling contrary to the verdict of the jury.