# David H. Ogden

## v.

# John T. Halliday, Administrator, etc., et al.

Record No. 850826

June 10, 1988

Present: All the Justices

*Jeffrey B. Rice* for appellant.
*George E. Cranwell* for appellee Pamela J. Ogden.
No briefs or arguments for appellees John T. Halliday, Administrator of the Estate of Richard F. Neel, Lucille Neel, Richard Luxenburg, Harvey Wenick and Linda Wenick.

WHITING, J., delivered the opinion of the Court.

In this case, the primary issue is whether a wife acquired, either through a resulting trust or a constructive trust, an interest in property her husband owned when she obligated herself upon a subsequent note and deed of trust executed to finance substantial improvements to the property.

On April 28, 1969, Richard F. Neel[1] took title to unimproved real property in Fairfax County as trustee for himself and his wife, and also as trustee for Harvey Wenick and his wife, David H. Ogden and his wife (Pamela J. Ogden), and Richard R. Luxenburg. The land trust agreement indicated that Mrs. Neel and

---

[1] Richard F. Neel died on August 2, 1978. John T. Halliday subsequently qualified as administrator c.t.a. d.b.n. of the estate of Richard F. Neel.

Mrs. Ogden had a zero percent beneficial interest in the property, while Mr. and Mrs. Wenick shared a 25 percent beneficial interest in the property with a right of survivorship.

All the beneficiaries, including Mrs. Ogden, allegedly signed a land trust agreement, a purchase money note and a deed of trust on the day title was conveyed to the trustee. At trial, Mrs. Ogden denied signing any of these documents.

Almost three years later, Ogden and his wife, together with the other beneficiaries and spouses, signed a note and deed of trust in the sum of $850,000 to secure a construction loan for the erection of a warehouse on the property. Mrs. Ogden testified that her husband assured her when she signed for the construction loan that the note would be paid from the rents generated by the warehouse. On October 31, 1973, upon completion of construction, the same parties executed a replacement note and deed of trust to secure the permanent financing.

When the Ogdens were divorced in February 1976, the trial court made no disposition of Mrs. Ogden's alleged interest in the warehouse property. Mrs. Ogden testified, and the trial court found, that at the time of the divorce Ogden led his wife to believe that they had lost their interest in the property or that it had no value.

In May 1983, Mrs. Ogden filed a bill in chancery seeking a declaratory judgment establishing her right to a 50% interest in Ogden's share of the land trust. Ogden joined issue, and certain disputed facts were submitted to a jury on issues out of chancery. The trial court adopted the jury's finding that Mrs. Ogden had not signed the purchase money note and deed of trust or the land trust agreement and that she had no knowledge of the contents of the land trust agreement. The trial court also adopted the jury's conclusion that although Mrs. Ogden believed that she had an equal interest with her husband in the land trust assets when she signed the $850,000 construction loan, Ogden at no time intended that she have any interest in the property and did not lead her to believe she had a 50 percent interest in it.

The trial court held that Mrs. Ogden's "pledge of credit" on the construction loan created a resulting trust in her favor of 48.25 percent of Ogden's interest in the warehouse venture. Ogden appealed this finding. Pursuant to Rule 5:11(c), the parties submitted an agreed written statement of facts summarizing the trial testimony.

On appeal, Mrs. Ogden argues that the trial court's decision should be affirmed on any one of the following four theories.[2] For the reasons which follow, we find no merit in any of these theories.

■ (1) *Resulting Trust.* The trial court found a resulting trust in favor of Mrs. Ogden, and in support of that finding she argues that such a trust should be implied because she obligated herself upon the notes given to finance the improvements upon the property. We have held that a resulting trust exists only when "one person pays for property, or assumes payment therefor, but has title conveyed to another with no mention of a trust in the deed." *Gifford* v. *Dennis*, 230 Va. 193, 198, 335 S.E.2d 371, 374 (1985); *Leonard* v. *Counts*, 221 Va. 582, 588, 272 S.E.2d 190, 194 (1980). We have indicated that no resulting trust will arise from a transaction which occurs *after* title has been conveyed. *Salyer* v. *Salyer*, 216 Va. 521, 526, 219 S.E.2d 889, 893 (1975); *Jesser* v. *Armentrout*, 100 Va. 666, 673, 42 S.E 681, 682 (1902).

Accordingly, we find that the trial court erred in impressing a resulting trust upon Ogden's interest in the property.

■ (2) *Constructive Trust.* Citing the cases of *Leonard* and *Horne*, Mrs. Ogden maintains that if there was no resulting trust, a constructive trust should be impressed in this situation. In those cases, the grantees acquired full title in the properties in violation of an agreement to vest a part of the title in other persons. *Leonard*, 221 Va. at 590, 272 S.E.2d at 195; *Horne* v. *Holley*, 167 Va. 234, 235, 188 S.E. 169, 174 (1936). The trial court found that Ogden had no agreement to vest a beneficial interest in Mrs. Ogden.

Mrs. Ogden maintains that her husband's alleged forgery of her signature to the purchase money note and deed of trust was a fraudulent act which should give rise to a constructive trust in her favor. The difficulty with this claim is that there is nothing in the agreed statement of facts to indicate that Ogden did forge his wife's name to these documents, and we cannot assume that he committed the criminal act of forgery simply because the jury found that Mrs. Ogden did not sign the documents.

---

[2] In an interlocutory decree dated February 12, 1985, the trial court held that Mrs. Ogden was entitled to an interest in her husband's property. Because Ogden did not appeal that decree within three months of its entry, Mrs. Ogden says he lost the right to appeal that adjudication following entry of the final decree in this case. An adverse finding in an interlocutory decree need not be appealed until entry of the final decree. *Smith* v. *Woodlawn Construction Co., Inc.*, 235 Va. 424, 429, 368 S.E.2d 699, 701 (1988); *see* Code § 8.01-671(B).

■ A constructive trust must be established by clear and convincing evidence. In the absence of a showing that Ogden forged his wife's name to the documents, we cannot say the trial court erred in finding that the evidence was insufficient. *See Gifford*, 230 Va. at 197-98, 335 S.E.2d at 373.

■ Mrs. Ogden also urges that a constructive trust be imposed because her husband used her credit "to meet the acquisition loan." No authority is cited, and we can find none, to support this theory.

■ (3) *Express Trust*. Mrs. Ogden cites *Peal* v. *Luther*, 199 Va. 35, 37, 97 S.E.2d 668, 669 (1957), and *Horne*, 167 Va. at 243, 188 S.E. at 172 (1936) as examples of express trust cases which support her right of recovery. In both those cases, however, there was evidence of the defendant's *intention* to vest title in the plaintiff. The only mention in this record of Ogden's intent is contained in the jury's finding that "Ogden at no time intended that his wife Pamela should have an ownership interest in the [property]." The trial court adopted that finding. Consequently, there was no basis upon which the trial court could have found an express trust.

(4) *Construction of Recorded Documents*. Mrs. Ogden argues that a trial court could infer that she was an equal owner of the property because the various deeds of trust and settlement agreements affecting the property recite that she is an owner, citing *Carter* v. *Carter*, 215 Va. 475, 482, 211 S.E.2d 253, 258 (1975) and *Jarrett* v. *Johnson*, 52 Va. (11 Gratt.) 327, 334 (1854). Both cases discuss a *conveyance* to two parties and a dispute as to their proportionate ownership. Neither case supports the proposition Mrs. Ogden advances.

■ There are no documents *conveying* any interest to Mrs. Ogden. We find no authority to sustain her argument that a court could construe a beneficial interest in her by any such recitals in the various documents in this case.[3]

Accordingly, the decree of the trial court will be reversed and final judgment entered for the defendant.

*Reversed and final judgment.*

---

[3] We take no notice of Mrs. Ogden's contention of alleged conflicting testimony of the Ogdens concerning her signing the land trust agreement because the agreed written statement of facts did not contain any of this alleged testimony.