# Lisa Dawn Brooks Overby

## v.

# Samuel I. White

Record No. 920937

April 16, 1993

Present: All the Justices

*Henry W. McLaughlin, II,* for appellant.
*Allan M. Heyward, Jr. (Sands, Anderson, Marks & Miller,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether property interests owned by a tenant in common can be affected by a deed of trust executed by cotenants.

The relevant facts are not in dispute. Arleen D. Brooks Holley and her former husband, James D. Brooks, acquired title to real property improved by a single-family dwelling in Chesterfield County as tenants by the entireties with the right of survivorship in September 1961. They obtained a divorce, and Arleen married Paul Edward Holley, Jr.

James Brooks died intestate in 1976. He was survived by two daughters, Lisa Dawn Brooks Overby and Gina Michelle Brooks Gammon. In 1982, Arleen Holley executed a deed purporting to convey the entire fee title to the real property to Paul Holley and herself as tenants by the entireties with the right of survivorship.

In September 1983, Paul and Arleen Holley obtained a loan from Freedlander, Inc. The loan proceeds were utilized to finance significant renovations and additions to the house on the property. Paul and Arleen Holley signed a note, which was secured by a deed of trust they executed on the property. The deed of trust included a warranty that the grantors were the sole owners of the property.

Freedlander assigned the deed of trust to NorWest Mortgage, Inc., which changed its name to GMAC Financing Corporation of Iowa. GMAC appointed Samuel I. White as substitute trustee under the deed of trust.

In November 1985, Overby and Gammon filed this suit against Paul and Arleen Holley asking the court to declare their interests in the property. The court determined that "Gina Michelle Brooks Gammon owns an undivided one-fourth (1/4) interest as tenant in common; defendants Arleen D. Brooks Holley and Paul Edward Holley, Jr. own an undivided one-half (1/2) interest as tenants by the entirety as between themselves; and defendant Lisa Dawn Brooks Overby owns an undivided one-fourth (1/4) interest as tenant in common with the other parties."

White filed a petition to intervene in the suit. He alleged that he "has a cognizable interest in the determination of the state of title of [the] property and the extent and priority of the lien of the [d]eed of [t]rust." The petition requested that the court permit the intervention and "confirm the lien of the [d]eed of [t]rust . . . and grant such other relief as [the] [c]ourt shall deem appropriate."

The court granted the petition to intervene, conducted an *ore tenus* hearing, and held "that principles of equity and fairness require that the interests of Gina Michelle Brooks Gammon and Lisa Dawn Brooks Overby in the real property . . . be impressed with a constructive trust subjecting and subordinating their interests to the lien of the deed of trust." We awarded Overby an appeal.

Overby argues that the chancellor erred by subjecting and subordinating her interests to the lien created by the deed of trust. She contends that she did not execute the deed of trust or any of the related loan documents and that Arleen and Paul Holley, as her cotenants, cannot impair her property rights. White, however, argues that "[i]mposition of a constructive trust under the facts of this case was a proper exercise of discretion by a court of equity and there is no basis for disturbing the chancellor's decree."

█ It is an elementary principle of property law that a cotenant may not impair the property interests of another cotenant.

Cotenants may, of course, render themselves jointly liable to third persons by contracting jointly in respect to the common property. But one tenant in common cannot bind his cotenant personally nor by any unauthorized agreement or act in respect to the common property. There is no relationship existing between cotenants, as between partners, which will render the acts of one cotenant respecting the common property binding on the others. No action of one or more of several tenants in common can impair the rights of the other cotenants.

*Warren* v. *Goodrich*, 133 Va. 366, 394, 112 S.E. 687, 695 (1922); *accord, Phillips* v. *Dulaney*, 114 Va. 681, 683, 77 S.E. 449, 449 (1913); *Cox* v. *McMullin*, 55 Va. (14 Gratt.) 82, 90 (1857).

■ Applying this principle, we hold that Paul and Arleen Holley could not impair the property rights of Overby when they signed the deed of trust and the deed of trust note. Neither the deed of trust nor the note can affect Overby's property rights because she did not execute these documents or authorize anyone to execute them on her behalf.

■ We disagree with White's contention that under the facts and circumstances of this case, the trial court was empowered to impress a constructive trust on the property. Constructive trusts are created by law, independent of the intention of the parties, to prevent fraud or injustice. We have said:

"Constructive trusts arise, *independently of the intention* of the parties, *by construction of law*; being *fastened upon the conscience* of him who has the legal estate, in order to prevent what otherwise *would be a fraud*. They occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit."

*Leonard* v. *Counts*, 221 Va. 582, 589, 272 S.E.2d 190, 195 (1980) (*quoting* 1 Minor on Real Property § 462 at 616 (2d ed. Ribble 1928)) (emphasis in original); *see Richardson* v. *Richardson*, 242 Va. 242, 245, 409 S.E.2d 148, 150 (1991); *Campbell* v. *Corpening*, 230 Va. 45, 49, 334 S.E.2d 589, 592 (1985).

■ Upon our review of the record, we find no evidence of fraud or any improper act attributable to Overby. Furthermore, we hold that, rather than being consistent with the principles of equity, it would be contrary to such principles to impress a constructive trust upon Overby's property interest. As a cotenant, her property rights as an heir cannot be impaired or affected by the unauthorized acts of her cotenants.

Finally, White argues that even though there has been no evidence of fraud committed by Overby, the trial court was empowered to impress a constructive trust upon the property so that Overby would not be unjustly enriched. In support of his argument, White relies upon the following statement in *Leonard* v. *Counts, supra*:

A constructive trust arises . . . whenever one holding title to property "is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."

*Id.* at 590, 272 S.E.2d at 195-96 (quoting A. Scott, The Law of Trusts, § 462 at 3413 (3d ed. 1967)).

We disagree with White. First, White does not identify any equitable duty which would require that Overby convey title to her property interest to White. Second, we do not believe that under the facts and circumstances of this case, Overby was unjustly enriched, particularly where she committed no act relating to the acquisition of the loan, the deed of trust, or deed of trust note.

Accordingly, we will reverse the decree of the chancellor, and we will enter final judgment in favor of Overby here.

*Reversed and final judgment.*