Present: All the Justices

LUCY WILLS HARRISON JONES, ET AL.

v.  Record No. 941229          OPINION BY JUSTICE HENRY H. WHITING
                                          June 9, 1995

MARY DONNAN TODMAN HARRISON, ETC.

           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        Frederick B. Lowe, Judge


     In this appeal, we decide whether the provisions of a

property settlement and support agreement entitle a decedent's

children of a former marriage to impose a constructive trust upon

 part of the proceeds of his life insurance policies payable to

the decedent's second wife.

     John Burton Harrison, Jr., (Harrison) and his wife, Lucy

Boyd Harrison, were divorced on February 24, 1971.  At that time,

they had three minor children, Lucy Wills Harrison, born July 18,

1955, Lewellen Thurman Harrison, born December 11, 1957, and John

Burton Harrison, III, born July 31, 1959.[1]

     The final divorce decree incorporated a property settlement

and support agreement between the parties as contained in a

contract and stipulation dated February 5, 1971 (the contract).

Paragraph seven of the contract stated:
          Husband is presently the grantor of a revocable
     unfunded life insurance trust agreement pursuant to
     which the proceeds of certain life insurance policies
     or contracts insuring his life are payable upon his
     death to Fidelity National Bank, as Trustee under said
     Agreement, to be held and administered for the

_____

[1]Harrison's daughters, Lucy and Lewellen, later married and

took the last names of their husbands, respectively Jones and

Simek.

beneficiaries named in said Agreement at the time of Husband's death. Husband agrees either to continue said trust agreement in effect changing the beneficiaries thereunder to the children and to keep said life insurance policies in full force and effect or to simply make the children beneficiaries of said policies, whichever he may elect, from time to time. Nothing contained herein shall limit or restrict Husband's right to alter, amend or revoke said trust agreement, except that should he elect to remove Wife as a beneficiary thereof, he must make the children beneficiaries thereof. However, he may provide that the children's shares will be held as a single fund by the Trustee until the youngest child reach[es] twenty-five.

In November 1971, nine months after the divorce, Harrison modified the trust agreement provisions relating to the payment of the insurance proceeds upon his death in the following respects:

1. He eliminated the provisions for his former wife and provided that each child would be entitled to receive $220 per month from the proceeds of his life insurance policies until reaching the age of 21, but directed that those monthly payments continue while that child was in an "accredited school." However, all payments to that child were to cease when the child reached the age of 25. These support provisions for the children were substantially the same as those in Harrison's contractual support agreement.

2. Harrison directed that the trustee pay $150 per month to each of his parents for their respective lives.

3. Harrison directed that the trust terminate on January 1, 1984, more than seven months prior to the time that John Burton

Harrison, III, would attain the age of 25 on July 31, 1984, and that the trust assets be paid, one-half to the plaintiffs and the other half to Harrison's "legal wife." Harrison married the defendant, Mary Donnan Todman, in 1972.

In January and February 1984, Harrison canceled all the policies listed in the trust agreement, the face amounts of which aggregated $70,000. However, Harrison obtained other life insurance policies in which he named the defendant as beneficiary. When Harrison died on August 10, 1991, the net proceeds of those policies aggregating $553,805 were paid to the defendant.

Harrison's estate was insolvent upon his death; debts and claims totalled $433,225, and assets available to pay those debts and claims totalled $195,592.63. Asserting rights under paragraph seven of the contract, Harrison's three children by his marriage to Lucy Boyd Harrison sued the defendant in her individual capacity and as executrix of Harrison's estate. The children claimed that Harrison breached the contract and, among other remedies requested, sought to impose a constructive trust upon $70,000 of the life insurance proceeds and a money judgment against the estate and the defendant individually.

The court referred the issues to a commissioner in chancery, who heard the evidence. The defendant successfully persuaded the commissioner (1) that Harrison had not breached the contract because his insurance obligations under paragraph seven of the

contract continued only for a "reasonable time," which, the commissioner held, was the period in which Harrison was legally obligated to support the children under the agreement, and (2) that even if Harrison had breached the contract, a constructive trust could not be imposed upon the life insurance proceeds in the defendant's hands since she had nothing to do with Harrison's breach.

Overruling the plaintiffs' exceptions to the commissioner's report, the trial court agreed with the defendant's first contention and did not address her second contention. The plaintiffs appeal.

The plaintiffs contend that since the contract provided no earlier termination date for Harrison's insurance obligation, it continued until his death. The defendant asserts the same contentions in this appeal as she did in the trial court.[2]

In support of her claim that the contract must be construed to require Harrison to provide life insurance benefits to his

---

[2]In neither the trial court nor this Court did the parties address the effect of the provision in paragraph seven that "[n]othing contained herein shall limit or restrict Husband's right to alter, amend or revoke said trust agreement, except that should he elect to remove Wife as a beneficiary thereof, he must make the children beneficiaries." Accordingly, we do not consider the effect of this provision.

three children for a "reasonable time," the defendant observes other provisions in the contract referring to Harrison's obligation to support his "minor children."  From this observation, defendant concludes that a "reasonable time" had passed when Harrison canceled the insurance policies described in the contract.  There are two flaws in this contention.

First, the contract makes specific provision for Harrison's right to require that the children's shares be held as a single fund until the youngest child reaches the age of 25.  Thus, it contemplates that Harrison's insurance obligation would continue beyond the children's minorities.  The second flaw is that Harrison's contract indicates that the performance of his insurance obligation terminated at his death, no earlier time having been specified.  And, if a time is specified in a contract for the performance of an act, we do not imply a promise to perform at an earlier and possibly more reasonable time.  See Galloway Corp. v. Wise, 244 Va. 344, 346 n.*, 421 S.E.2d 431, 433 n.* (1992).

Although the defendant argues that it would be unreasonable to assume that Harrison had agreed to provide this insurance coverage to his children if he had lived to be 90 years old, the contract contains no such limitation.  And, we have stated on a number of occasions that we do not rewrite contracts to insert provisions that have been omitted by the parties.  Westbury Coal Mining Partnership v. J. S. & K. Coal Corp., 233 Va. 226, 229,

355 S.E.2d 571, 572-73 (1987); Lipps v. First American Serv. Corp., 223 Va. 131, 139, 286 S.E.2d 215, 220 (1982).  Indeed, in one case we indicated that we would not circumvent this principle by construing contracts without termination dates to imply a reasonable time for its period of performance.  Plaskitt v. Black Diamond Trailer Co., 209 Va. 460, 467-68, 164 S.E.2d 645, 650-51 (1968) (service contract with no fixed period deemed contract terminable at will).

We think that the contractual provisions required Harrison to maintain the life insurance coverage described therein for the balance of his life.  Hence, we conclude that Harrison breached the contract by canceling that coverage.

Next, the defendant notes that even if Harrison had breached the contract, two of what she contends are essential requirements for the imposition of a constructive trust are missing in this case.  The defendant claims that the plaintiffs were required to prove (1) that Harrison's wrongdoing was either a breach of a fiduciary duty he owed the plaintiffs or an act of actual or constructive fraud on his part, and (2) that she either participated in such conduct or knew that Harrison's gift was in breach of his contract.  We do not agree.

In another context, we recently reviewed the principles of a constructive trust in Cooper v. Cooper, 249 Va. 511, ___ S.E.2d ___ (1995).  When property is given or devised to a defendant in breach of a donor's or testator's contract with a plaintiff,

-6-

equity will impose a constructive trust upon that property in the hands of the recipient even though (1) the transfer is not the result of breach of a fiduciary duty or an actual or constructive fraud practiced upon the plaintiff, and (2) the donee or devisee had no knowledge of the wrongdoing or breach of contract.  See Story v. Hargrave, 235 Va. 563, 569, 369 S.E.2d 669, 672-73 (1988); Williams v. Williams, 123 Va. 643, 647 96 S.E. 749, 750-52 (1918).  In Story and Williams, although the testators' devises of real estate were merely breaches of contract, constructive trusts were imposed upon the property in the devisees' hands even though there was no evidence that they had knowledge of the breach.

The defendant cites Overby v. White, 245 Va. 446, 449, 429 S.E.2d 17, 19 (1993), for the proposition that the plaintiffs must prove improper conduct on her part in order to establish a constructive trust in the insurance proceeds in her hands. Overby is inapplicable because there the plaintiff sought to divest the defendant of an interest in property she had properly acquired long before the conduct occurred that allegedly gave rise to the constructive trust.  Here, as in Story and Wright, the defendant did not own the property sought to be subjected to a constructive trust before the breach, she merely became a gratuitous donee of the property as a result of the breach.

And because the other elements necessary to establish a constructive trust are present, the defendant's gratuitous

receipt of a portion of the insurance proceeds forms the basis for imposing a constructive trust on that property. Constructive trusts "occur not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit." Richardson v. Richardson, 242 Va. 242, 245, 409 S.E.2d 148, 150 (1991); Leonard v. Counts, 221 Va. 582, 589, 272 S.E.2d 190, 195 (1980) (quoting 1 Minor on Real Property § 462 at 616 (2d ed. Ribble 1928)).

In Richardson, the transferee of the property had done nothing improper in bringing about the transfer. However, since the transferee had furnished no consideration for the transfer, her unjust enrichment at the plaintiff's expense was the equitable justification for imposing a constructive trust upon the property in the defendant's hands. Richardson, 242 Va. at 247, 409 S.E.2d at 151. Likewise, in this case, the defendant's lack of participation in the contractual breach or knowledge thereof is not a defense to the imposition of a constructive trust upon the property the plaintiffs should have received under the contract.[3]

---

[3]We find no merit in the defendant's summary contentions that the children had no right to enforce Harrison's agreement against her since (1) there were no life insurance policies in existence for the children's benefit at the time he made the

-8-

Accordingly, we conclude that the court erred in failing to impose a constructive trust upon $70,000 of the insurance proceeds in the defendant's hands, together with interest at the judgment rate from the date of Harrison's death.  Therefore, we will reverse the judgment and remand the case for entry of a decree consistent with this opinion.

<u>Reversed and remanded</u>.

(..continued)

contract, (2) they were not the beneficiaries of his life insurance trust when he made the contract, and (3) the life insurance policies in effect at the time Harrison made the agreement were no longer in effect at the time of his death.  In our opinion, the provisions of paragraph seven of the contract gave these children a contractual claim against Harrison's estate for $70,000.  And because the estate is insolvent, we think they could claim a constructive trust in $70,000 of the proceeds of the insurance policies on Harrison's life.