# CIRCUIT COURT OF THE CITY OF RICHMOND

Thelma Isler

v.

Dexter U. Nutall

March 11, 2004

Case No. LM-454-1

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on defendant Nutall's Demurrer to plaintiff's Amended Motion for Judgment. Nutall demurs to each of the four counts in the Amended Motion and to plaintiff's claim for punitive damages.

A demurrer tests whether the challenged pleading states a cause of action upon which relief can be granted if all the allegations are admitted as true. *Faulkner v. Shaper*, 264 Va. 210, 214 (2002). Briefly, according to the Amended Motion, plaintiff became a tenant of a first floor duplex from about February 1, 1999, to April 4, 2002, under a written lease with defendant as landlord dated February 1, 2001. The lease was drafted by a rental agency company.

Plaintiff continued to occupy the premises until March 2002, when defendant demanded that she vacate. In February 2002, plaintiff was injured after she plugged an extension cord into an electrical outlet on the premises. After vacating some time in April 2002, plaintiff brought the instant case in February 2003 claiming breach of contract (Count I), violation of the Virginia Residential Landlord Tenant Act (Count II), Negligence (Count III), and Trespass and Eviction (Count IV). Plaintiff seeks both compensatory and punitive damages.

With respect to the claim of trespass and eviction contained in Count IV, defendant maintains that plaintiff's lease terminated in February 1, 2002, after which time she became a month-to-month tenant. The termination

provision in the parties' lease, which is attached to the Amended Motion, provides that the lease for one year "will renew automatically unless a 60 day notice is not given prior to expiration." Defendant assigns ambiguity to this provision which then makes the arrangement a month to month tenancy. He argues that the word "unless" is ambiguous. However, giving the Amended Motion its best reading, this part of the lease more clearly means that, if the lease is not terminated in accordance with other provisions, then it will automatically renew.

As to other counts, defendant argues that, on the face of the pleading, plaintiff has not stated a cause of action because none of them contain any mention of the defendant's being on notice with respect to Va. Code § 55-248.13(A)(4), the section of the Virginia Residential Landlord and Tenant Act which requires that the "Landlord shall maintain in good and safe working order and condition, all electrical ... and other facilities and appliances." Count III: Negligence Per Se is legally insufficient according to defendant because there is no allegation of any particular provision of the building code defendant is said to have violated. Defendant also argues that plaintiff needs to allege notice as well. Finally, defendant demurs to the claim of punitive damages because the facts do not support such a claim.

First, regarding the notice argument, the cited Code section does not mention anything about a landlord's being on notice of any defect. However, one has to employ common sense in applying this and other provisions plaintiff relies on in asserting her claim for injury from the alleged faulty electrical apparatus. *See* Va. Code § 55-248.13(A)(1), which requires compliance with applicable building and housing codes affecting health and safety. Interpreting these sections should be consistent with the common law recognition of a landlord's duty to use ordinary care to keep common and other areas subject to his control in a reasonably safe condition. *Deem v. Charles E. Smith Mgt., Inc.*, 799 F.2d 944 (4th Cir. 1986). Accordingly, plaintiff should allege that defendant knew or should have known of the unsafe condition that caused injury.

Lastly, the pleadings do not assert sufficient facts to actuate a claim for punitive damages.

For the foregoing reasons, the Demurrer as to Count IV is overruled and as to Counts I, II, and III and punitive damages is sustained. Plaintiff shall have ten days to amend with responsive pleading to follow in ten days.