## CIRCUIT COURT OF GREENE COUNTY

Wiebel

v.

Hunt

June 28, 2005

Case No. (Chancery) CH04-000137

BY JUDGE DANIEL R. BOUTON

I have received and reviewed the written arguments submitted by both parties in connection with the above referenced matter. I have also studied the authorities that were cited in the briefs that have been filed. I set forth below the rulings of the court.

*The Allegations Contained in Paragraphs 14 and 22*

The court has carefully inspected the allegations set forth in these separate paragraphs. In the court's view, the paragraphs contain nothing more than general statements of law. They also include citations to decided cases that support the legal principles that are summarized in each of the respective paragraphs. The Rules of the Supreme Court of Virginia require that pleadings consist of concise, factual allegations. The rules do not allow for legal conclusions and they do not contemplate that case citations be set forth in pleadings. Therefore, the demurrer to these two paragraphs will be sustained.

*The Request for Relief under § 55-81 of the Code of Virginia under Counts Two, Three, Four, Five, and Seven*

The plaintiff concedes that the pleadings are not sufficient to allow for any relief under § 55-81 of the Code of Virginia. The demurrer on this

point will therefore be sustained. Any claims under this statutory provision will be dismissed with prejudice.

*The Claim for a Constructive Trust on the Life Insurance Proceeds under Counts One and Five*

The factual circumstances of the case of *Faulknier v. Shafer*, 264 Va. 210, 563 S.E.2d 755 (2002), are similar to those presented by the case that is before the court. There, a husband had agreed to allow his spouse to remain the beneficiary on a life insurance policy that he owned; this was included as a provision in the separation agreement that had been negotiated as part of the divorce between the husband and his spouse. Subsequent to being granted a divorce, he changed the beneficiary on the policy to Shafer in violation of his agreement with his former spouse. Thereafter, he died, and his former wife brought suit against Shafer and requested that a constructive trust be imposed on the life insurance proceeds.

The trial court reviewed the pleadings and dismissed the case with prejudice based on the demurrer filed by Shafer. The Supreme Court of Virginia reversed the trial judge and noted that courts of equity "may impose constructive trusts whenever necessary to prevent a failure of justice." (Citations omitted.) The court then concluded that the bill of complaint "pled facts which, if taken as true, are sufficient to state a cause of action for the imposition of a constructive trust on the basis that Shafer has been unjustly enriched." *Id.*, at 217. The court went on to observe that whether or not a trust was appropriate would depend on the evidence produced at trial. The court stated that issues "such as whether the decedent's estate has sufficient assets to satisfy Faulknier's claim, and if so, whose share of the estate would be depleted by such a payment; whether Shafer was a gratuitous recipient of the life insurance proceeds; when she learned about the decedent's beneficiary designation on his life insurance policy; and whether she knew about the terms of the separation agreement between the decedent and Faulknier are matters to be considered in determining whether, on remand, Faulknier establishes by clear and convincing evidence her entitlement to a constructive trust on the life insurance proceeds." *Id.*, 217-18.

In the present case, the court finds that there are similar issues that would have to be resolved by a trial on the merits. For example, whether the estate has funds to satisfy the plaintiff's claim; whether Hunt was a gratuitous recipient of the life insurance proceeds here; whether she participated in any of the transactions in connection with the note and the

life insurance policy; what knowledge, if any, she had about the note and the policy when the decedent made the arrangements with McCue; and whether she engaged in any fraudulent activity would be issues that are in dispute. Therefore, the court overrules the demurrer.

### The Request to Set Aside as Fraudulent the Transfers Described in Counts Two, Three, and Four

The issue here is whether the plaintiff has standing to challenge the transfer of funds from the estate account and the conveyance of the decedent's real estate. On this point, the court finds persuasive the arguments set forth on pages 4-6 of the plaintiff's brief. As noted by counsel for the plaintiff, a conveyance alleged to be fraudulent under the provisions of § 55-80 can be challenged by a creditor who exists at the time of such conveyance or by a future creditor. Whether the plaintiff can prove his claim that he is a valid creditor of the estate based on the note and whether he can prove that he has any security interest in the life insurance policy are matters that will have to be determined at trial. Therefore, on this point, the demurrer will be overruled.

### Whether the Complainant Can Obtain a Personal Judgment against the Respondent under Counts Six and Seven

The case of *Price v. Hawkins*, 247 Va. 32, 439 S.E.2d 382 (1994), supports the position taken by the complainant. The holding in *Price* lacks precision and does not discuss at length all of the circumstances under which a personal judgment can be considered in a case of this type; however, the case clearly states that the chancellor does have some discretion to award a personal judgment against the respondent. On this point, the Supreme Court of Virginia concluded in Price that "neither Price nor Gibbs was a legitimate creditor of Gibbs, Sr. Instead, they joined in assisting him in hiding assets that the creditor otherwise would have reached in his judgment collection efforts. Here, an *in personam* judgment against these transferees in the full amount of the fraudulent conveyances is appropriate under the circumstances." *Id.*, at 37. In the present case, whether the respondent has properly discharged her fiduciary duties as executrix; whether she participated in or assisted in any fraudulent activity; and whether the estate is solvent are issues that will be disputed at trial. Depending on what matters are satisfactorily proven, the court may then have to decide whether a personal judgment would be

appropriate. However, the pleadings are sufficient to withstand a challenge by way of demurrer.

### The Motion for a Bill of Particulars

The issue of whether to grant a bill of particulars is one that rests within the discretion of the court. The Rules of the Virginia Supreme Court for equity practice do not include any specific provisions for a bill of particulars. However, Rule 2:19 states that where a matter is not covered by the rules, "the established practice and procedure in equity is continued." Furthermore, in *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993), the Supreme Court of Virginia observed: "When a motion for judgment or a bill of complaint contains sufficient allegations of material facts to inform a defendant of the nature and character of the claim, it is unnecessary for the pleader to descend into statements giving details of proof in order to withstand demurrer. And, even though a motion for judgment or a bill of complaint may be imperfect, when it is drafted so that defendant cannot mistake the true nature of the claim, the trial court should overrule the demurrer; if a defendant desires more definite information, or a more specific statement of the grounds of the claim, the defendant should request the court to order the plaintiff to file a bill of particulars." (Citations omitted.)

Here, the court finds that the unusual nature of the allegations and the sweeping, comprehensive relief that is requested support the motion for a bill of particulars in the present case. All of the claims made by the complainant are based on allegations of fraud that will require evidence that pertains to doctrines of law that invoke the court's broad, equitable powers. Although the discovery process is available to both sides, the court believes that the respondent is entitled at this time to a more specific statement regarding the basis of the claims being made by the complainant. Thus, in the court's view, the complainant should be required to file a bill of particulars, and the bill should include all of the information requested in the respondent's motion.

### Conclusion

The demurrer will be sustained in part and overruled in part. The motion for a bill of particulars shall be granted. The bill of particulars shall be filed on or before July 28, 2005. Within twenty-one days of the filing of the bill of particulars, counsel for the defendant shall file his answer and any other responsive pleadings deemed appropriate by him.