# CIRCUIT COURT OF ALBEMARLE COUNTY

Elegant Homes
of Virginia, Inc.

v.

David Boberski et al.

April 13, 2006

Case No. CL05-10,158

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Demurrer of David Boberski to Elegant Homes's Amended Motion for Judgment, which alleged unjust enrichment by David Boberski. David held title to land with his mother, Lynn Boberski. His father, Irving Boberski, who did not hold title to the land, contracted with Elegant Homes to build a house on the land. David proceeded to live in the house. Elegant was not paid in full for its work. Elegant sued David for unjust enrichment and his parents for breach of contract and fraud.

The function of a demurrer is "to test only whether the challenged pleading states a cause of action upon which relief can be granted if all the allegations are admitted as true." *Faulknier v. Shafer*, 264 Va. 210, 214, 563 S.E.2d 755, 758 (2002) (citing *Bellamy v. Gates*, 214 Va. 314, 200 S.E.2d 533, 534 (1973)).

Elegant Homes' unjust enrichment claim as to David Boberski is a claim in equity that relies upon the judicial creation of an implied contract between these two parties. The general rule is that equitable relief is not available where there is an adequate remedy at law. See, e.g., *Barrow v. County of Prince Edward*, 121 Va. 1, 3, 92 S.E. 910, 910 (1917).

David Boberski relies on *Southern Biscuit v. Lloyd*, 174 Va. 299, 311, 6 S.E.2d 601, 606 (1940), for the proposition an express contract between parties precludes imposition of an implied contract involving the same subject matter. This is true as far as it goes, but David's reliance on it is misplaced.

That case involved express contracts between plaintiff and defendant, and plaintiff sought imposition of different terms. It does not speak to whether an implied contract can be imposed on one who was not a party to the express contract, as David Boberski is in this case.

David Boberski also points the court to *Wright v. Cangiano*, 20 Cir. C15084 (Loudoun County Cir. Ct. 1993), because that court sustained a demurrer to a quasi-contract claim where law provided an adequate remedy. That case actually supports the imposition of a quasi-contract in this case because it states that "the `unjust' in `unjust enrichment' refers to the lack of the plaintiff having an adequate remedy at law for any wrong *perpetrated on him by the defendant*." *Id.* at 2 (emphasis added). Elegant Homes has no remedy at law against David Boberski, and the reasoning in *Wright* suggests that Elegant Homes should be able to bring its unjust enrichment count against David Boberski.

Elegant Homes, in support of its position that it has stated a cause of action, cites to *Po River Water & Sewer Co. v. Indian Acres Club*, 255 Va. 108, 114-15, 495 S.E.2d 478, 482 (1998). In that case, the Supreme Court found an implied contract between a water utility and a property owners' association because the association, as owner of common area facilities using water, received consideration and had an implied legal obligation to pay, despite the fact that there was no contract and no wrongdoing.

Elegant Homes also draws an analogy to the equitable remedy of constructive trusts. It cites to *Richardson v. Richardson*, 242 Va. 242, 245, 409 S.E.2d 148, 150 (1991), in which the Supreme Court imposed a constructive trust where a party who had not engaged in any wrongdoing but had furnished no consideration for the property given to him was found to be unjustly enriched.

*Faulknier v. Shafer* also supports Elegant Homes's position by analogy to constructive trusts. At the demurrer stage, it is too early to determine whether there is an adequate remedy at law. *Faulknier*, 264 Va. at 216-17. Factual matters that may bear on whether there is an adequate remedy at law are to be determined after the demurrer stage. *Id.* at 217 (there, whether the decedent's estate was solvent, which would have provided an adequate remedy at law).

The Amended Motion for Judgment in this case alleges that David Boberski was a true owner of the land upon which Elegant Homes built a house, that Elegant Homes is owed $100,754.64 for the construction of that house, and that David Boberski took possession of the house without paying adequate consideration for it. These allegations, if true, could result in an

implied contract between Elegant Homes and David Boberski if the court determines that Elegant Homes has no adequate remedies at law.

Therefore, the Court overrules David Boberski's Demurrer and will allow the matter to proceed. Ultimately, Elegant Homes cannot recover for unjust enrichment if it is shown that there is an adequate remedy at law under its express contract.