# CIRCUIT COURT OF THE CITY OF NORFOLK

Kevin M. Studer

v.

James G. Hurley et al.

March 29, 2011

Case No. (Civil) CL10-7168

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiff filed a complaint seeking a declaratory judgment that he is entitled to "commissions" and an accounting. The defendants, who are an attorney and his law firm, demurred. The demurrer had not been brought on for a hearing when the plaintiff filed a motion for leave to file an amended complaint. The defendants have filed an opposition to the motion to amend. Leave to amend is liberally granted; however, when a proposed amendment fails to state a claim, a court may deny leave. *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 403, 337 S.E.2d 744, 749 (1985). The defendants' opposition is, in effect, a pre-emptive demurrer, and it was so argued.

The proposed amended complaint contains seven counts: (1) unauthorized use of the plaintiff's name, (2) breach of contract, (3) *quantum meruit*, (4) procuring cause, (5) constructive trust, (6) accounting, and (7) declaratory judgment. The defendants concede the first count is properly pleaded.

## Breach of Contract

The plaintiff has not pleaded any written contract of employment. In his proposed amended complaint he alleges these facts, which I assume to be true for purposes of the motion. The plaintiff is a "highly skilled personal injury accident investigator" who left his former law firm to join the defendants. The defendants agreed to pay him "a monthly draw plus commission, the commission consisting of an equal share with Hurley of all of the net profits." "There was no contractual understanding between the parties that there would be a forfeiture of Mr. Studer's share of the net profits upon termination of his employment."

He worked for the defendants from February 2006 until August 2010. He left the defendants' employ because the defendants changed their "business model" in 2009. Mr. Hurley decided to take fewer cases to trial and negotiations with insurance companies therefore became more difficult. Mr. Hurley began to refer the better cases to other lawyers, and he would only receive a referral fee on those cases. This adversely affected the profits and the plaintiff's income, and it "effectively forced Mr. Studer out of the employment."

In 2010, the plaintiff and Mr. Hurley discussed the plaintiff's "entitlement to post-termination commissions as part of a severance package." It seems the discussions came to naught as the plaintiff goes on to claim "Hurley on all occasions agreed in principle that Mr. Studer was entitled to receive a substantial severance package but the two men never reached agreement as to the sum of money comprising Mr. Studer's severance package."

If a contract of employment is, as here, of no specific duration, "either party is ordinarily at liberty to terminate it at will on giving reasonable notice of his intention to do so." *Stonega Coal & Coke Co. v. Louisville & Nashville RR.*, 106 Va. 223, 226, 55 S.E. 551, 552 (1906). A person may be compensated by a share of the profits and still be an employee. *Goldsmith & Co. v. Latz*, 96 Va. 680, 32 S.E. 483 (1899). The principal issue raised is whether an at will employee paid a percentage of profits has any claim after he terminates his employment to profits thereafter earned on business acquired while he was an employee. In the absence of any contractual provision, an at will employee has no right to salary after the termination of his employment. *Title Ins. Co. v. Howell*, 158 Va. 713, 164 S.E. 387 (1932).

Our Supreme Court has never explicitly held that an employee compensated by a share of the profits is or is not entitled to compensation after the termination of employment. The cases cited, *Safway Steel Scaffolds v. Coulter*, 198 Va. 469, 94 S.E.2d 541 (1956), and *M & B Const. Co. v. Mitchell*, 213 Va. 755, 195 S.E.2d 873 (1973), were decided on the terms of the contracts in dispute. This precise issue was not raised in either case. In

the former case, the Court did not award compensation after the termination of employment. In the latter case the employee did not seek it. 213 Va. at 757, 195 S.E.2d at 875.

One of the incidents of employment at will is the ability of either party to terminate the relationship with or without cause at any time upon giving reasonable notice. Thereafter, neither has any obligation to the other. *Miller v. SEVAMP, Inc.*, 234 Va. 462, 465, 362 S.E.2d 915, 917 (1987). To impose an obligation on the employer to pay a portion of post-termination profits to a former employee in the absence of a contractual provision to do so would be inconsistent with employment at will. An allegation that there was no understanding the employee would forfeit his share of the profits on ending his employment does not suffice.

Nor is an "agreement in principle," without more, to pay a "severance package" enforceable. A valid contract requires certainty and completeness. *Smith v. Farrell*, 199 Va. 121, 98 S.E.2d 3 (1957). What the plaintiff has pleaded falls short.

I thus sustain the objection to amend the complaint to add Count II as pleaded.

### Quantum Meruit

The plaintiff conceded at the hearing that he cannot recover in *quantum meruit* if there is an express contract. He pleads *quantum meruit* in the alternative should the court conclude either that there was no express contract or that the express contract did not address post-termination compensation.

Awarding an employee such compensation on this basis is also inconsistent with employment at will. As the Court noted in *Miller v. SEVAMP, supra*, one of the incidents of employment at will is the mutual freedom of the employer and employee to terminate their relations without further obligation. If the plaintiff can sue in *quantum meruit* for future profits, would the defendants have the mutual right to sue the plaintiff in *quantum perdidimus* (what we lost) if they should have a net loss on the cases in the office on the date of his termination? I think not. If either could sue, would not the freedom of employment at will be vitiated?

The plaintiff relies on *Mongold v. Woods*, 278 Va. 196, 677 S.E.2d 288 (2009). The employee there was found to be entitled to compensation for services he had performed in addition to what was covered by an express contract. The plaintiff has not alleged the performance of services beyond what the contract required, and he seeks compensation, in part, for future

services others will perform. I deny leave to amend to add Count III as pleaded.

## Procuring Cause

Procuring cause is neither a cause of action nor a remedy. It is an element of proof in a cause of action to recover a commission for breach of an agency or brokerage agreement. It is akin to proximate cause in a tort action. As I have concluded that no agreement has been pleaded entitling the plaintiff to post-termination profits, I need not further consider this claim. I deny leave to amend to add Count IV.

## Constructive Trust

A constructive trust may arise from a breach of a fiduciary duty, fraud, or unconscionable conduct amounting to constructive fraud. *Greenspan v. Osheroff*, 232 Va. 388, 400, 351 S.E.2d 28, 36-37 (1986). The amended complaint does not allege fraud or unconscionable conduct. Mr. Laing conceded at the hearing an employer has no fiduciary duty to an employee. I decline Mr. Laing's invitation to find there is "a narrow set of fiduciary duties" with respect to the fees ultimately earned on cases the plaintiff brought to the defendants.

Constructive trusts may also be imposed when necessary to prevent what would otherwise be a fraud or when it is contrary to principles of equity that property should be retained by one who has acquired it. *Faulkiner v. Shafer*, 264 Va. 210, 563 S.E.2d 755 (2002). None of these circumstances is present. This is a simple contract dispute. I deny leave to amend to add Count V.

## Accounting

The plaintiff requests an accounting pursuant to Code of Virginia § 8.01-31, which provides:

> *Accounting in equity.* An accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party.

As noted above, Mr. Laing conceded an employer has no fiduciary duty to an employee. The parties were not joint tenants, tenants in common, or coparceners. The statute is not applicable. I deny leave to amend to add Count VI.

*Declaratory Judgment*

The authority to enter a declaratory judgment will not be exercised when some other mode of proceeding is provided, nor when the claims asserted have accrued and the wrongs suffered. *USAA Casualty Ins. Co. v. Randolph*, 255 Va. 342, 497 S.E.2d 744 (1998). The plaintiff claims he is entitled to one-half of the profits on the cases on which the defendants had been retained at the time the plaintiff left their employ in August of 2010. The identity of those cases ought to be easily determined. For those that have been settled or tried since August of 2010, the fees earned are known. For those not yet tried or settled, the only unknowns are the quantum of fees and the expenses attributable to them, not a determination of the rights, status, or relation of the parties. The plaintiff asks for a monetary judgment against the defendants, and an action for breach of contract (assuming one can be pleaded that will withstand a demurrer) is the appropriate procedure. I deny leave to amend to add Count VII.