# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Ethel Powell

v.

3 MAC II, L.L.C.,
Anthony Sancilio,
Ashdon Builders, Inc.,
Monarch Bank,
Andrew Lock,
James Ferber,
Charles Hochstetler,
Michael Hanley,
The Bank of Hampton Roads,
Jack Gibson,
and Julie Anderson

March 3, 2015

Case No. (Civil) CL12-1121

.By Judge Marjorie A. Taylor Arrington

This matter is before the Court on the plaintiff's motion for the Court to impose a constructive trust on lot A, the remaining lot in the North Rolling Estates development. The Court has considered the parties' motions and arguments of counsel. The Court is of the opinion that the plaintiff has proved by clear and convincing evidence that she is entitled to a constructive trust.

The plaintiff filed suit against the defendants, seeking to impose a constructive trust against a lot in the North Rolling Estates development due to the defendants' alleged breach of contract.

On October 25, 2003, the plaintiff contracted with defendant 3 MAC to convey certain property in exchange for a payment of $265,000 and "one lot to be mutually agreed upon by [the parties] in the new subdivision." In January 2005, the plaintiff and defendant 3 MAC entered into a subsequent agreement specifying that lot 1 was to be conveyed to the plaintiff. The plaintiff failed to record both agreements. Thus, when the defendant Bank of Hampton Roads conducted a title search, the title came back clear. In February 2012, 3 Mac conveyed lot 1 to Ashdon Builders, Inc. (The

plaintiff settled with Ashdon Builders, Inc., which is no longer a part of this suit.) Once the plaintiff realized that the lot was sold, she brought suit against the defendants.

The plaintiff argues that she is entitled to a constructive trust because the defendants disregarded her contractual rights to a property in the developed subdivision. The plaintiff also asserts that defendant Bank of Hampton Roads and defendant 3 MAC had actual knowledge of her claims.

The defendant Bank of Hampton Roads responds that it is a *bona fide* purchaser because it made a development loan to defendant 3 MAC in exchange for a lien on all the property in the development. The defendant Bank of Hampton Roads alleges that it had no knowledge or record of the plaintiff's claim even after doing a title search.

The defendant Bank of Hampton Roads further argues that the plaintiff cannot impose a constructive trust over lot A because she never contracted for the purchase of lot A, but rather lot 1. Because "each piece of property is unique," *see Ndeh v. Midtown Alexandria, L.L.C.*, 30 Fed. App'x. 203, 207 (4th Cir. 2008), the defendant Bank of Hampton Roads argues that the plaintiff is only entitled to lot 1. The fact that lot 1 was sold to a *bona fide* purchaser and the plaintiff cannot recover against lot 1 is immaterial, according to the defendant Bank of Hampton Roads.

Courts of equity impose constructive trusts when necessary to prevent failures of justice. *See, e.g., Faulknier v. Shafer*, 264 Va. 210, 215 (2002). The equitable remedy of constructive trusts is not applicable where it could result in an inequity. *See Crestar Bank v. Williams*, 250 Va. 198, 204 (1995). Further, a plaintiff requesting a constructive trust must prove she is entitled to one by clear and convincing evidence. *Id.*

The plaintiff presented evidence that her property was vital to the development deal, meaning that, if she had not sold her property, the development project would have failed. In addition, a bank official testified that he knew of the plaintiff's claim on lot 1, but, because the contracts were not recorded, the title search came back as clear and lot 1 was sold to Ashdon Builder, Inc. Defendant Bank of Hampton Roads, through its employee, had actual knowledge of the plaintiff's claim but breached the plaintiff's contract anyway. *See Rudolph v. Farmers' Supply Co.*, 131 Va. 305, 310–11 (1921) ("[A] corporation knows a fact only as its officers and agents know it, it does not know all that its agents know, but only what comes to them while acting for the corporation within the scope of their agency, when it is their duty to report their knowledge to the general officers, or agents of the company, and it may be presumed that they have told their principal what they know."). Since defendant Bank of Hampton Roads had knowledge of the plaintiff's claim, it had the duty to inquire into the plaintiff's contractual rights to a property. *See Jackson v. Greenhow*, 155 Va. 758, 768 (1931). The defendant Bank of Hampton Roads failed to

inquire into the plaintiff's claims. As such, the defendant is not a *bona fide* purchaser.

As to the defendant Bank of Hampton Road's second argument, it is axiomatic that every piece of property is unique. However, the bank's wrongdoing led to the sale of lot 1 to Ashdon Builders, Inc. Further, a constructive trust arises "not only when there has been actual fraud, but whenever one holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Leonard v. Counts*, 221 Va. 585, 590 (1980).

In this case, the plaintiff contracted for a property in a development. The defendant would be unjustly enriched if it did not convey a property to the plaintiff, especially since the defendant's wrongdoing robbed the plaintiff of possession of the original lot specified in her contract and the plaintiff's original property was vital to the establishment of the development.

Accordingly, the plaintiff has established by clear and convincing evidence the necessity of a constructive trust.