## CIRCUIT COURT OF FAIRFAX COUNTY

Vega Investments Corp.

v.

Rocky Gorge
Enterprises, L.L.C.

July 16, 1999

Case No. (Law) 172906

BY JUDGE HENRY E. HUDSON

This matter is before the court on the Defendant's Motion to Set Aside the Verdict in *Vega Investments Corp. v. Rocky Gorge*, which was tried on June 14, 1999. At issue is whether the Court should have allowed the jury to determine whether the Defendant exercised a right to terminate a contract within a reasonable period of time. The contract provided for a forty-five day study period, at the conclusion of which time, Defendant was to pay a cash deposit or terminate the contract. Defendant terminated the contract two weeks after the forty-five day inspection period expired. The Defendant had asked for and been denied an extension on that inspection period.

Defendant argues that the Court erroneously submitted the issue of whether the Defendant terminated the contract within a reasonable period of time to the jury. Defendant asserts that the contract was patently, and not latently, ambiguous and concludes that the Court's insertion of a reasonable time period for termination was an impermissible extension of the Court's authority. Rather than submitting the matter to the jury, Defendant contends that the Court should have found the termination period to be indefinite and awarded summary judgment in its favor. Plaintiff argues that the Court followed established rules of contract construction in supplying an implied condition that the right of termination be exercised within a reasonable time.

On reconsideration, the court concludes that the issue was correctly decided and that the original verdict should stand. Although the ambiguity in

this contract is patent and Defendant correctly notes that parol evidence is inadmissible to correct patent ambiguities, *Zehler v. Bruce*, 208 Va. 96 (1968), the Court did not admit parol evidence to decide this matter. The Court instructed the jury to determine whether or not Defendant terminated the contract in a reasonable period of time given the circumstances. No parol evidence was admitted to aid the jury in its determination of reasonableness.

Defendant also cites *Jones v. Harrison*, 250 Va. 64 (1995), which cites *Plaskitt v. Black Diamond Trailer Co.*, 209 Va. 460 (1968), for the proposition that the Court may not rewrite contracts to insert provisions the contracting parties omitted, nor circumvent that principle by construing contracts without termination dates to imply a reasonable time for performance. (Defendant's motion to set aside the verdict, at 8.) *Plaskitt v. Black Diamond Trailer Co.*, however, is not directly relevant to the instant case. The parties in *Plaskitt* had entered into an agreement for an indefinite and indeterminate period, while Vega Investments and Rocky Gorge articulated a more definite time period for completion of their contract.[1] Although the allowable time period for terminating the contract after the study period expired was not specifically expressed, the nature of this contract, which was for sale of a specific parcel of land, implies a definite period for performance. Another distinguishing characteristic in *Plaskitt* was the subject matter of the contract. The contract in *Plaskitt* was for personal services, and the *Plaskitt* court relied upon authority specifically governing personal service contracts. This authority limits the "terminable at will" rule to contracts for rendition of services. *Stonega Coal and Coke Co. v. Louisville & N. R. Co.*, 106 Va. 223 (1906) (involving a contract between a coal company and a railroad for developing property and building railroad lines); *Stutzman v. Nash & Son*, 189 Va. 438 (1949) (involving a claim for breach of contract for the exclusive right to sell a cleaning product); *Town of Vinton v. City of Roanoke*, 195 Va. 881 (1954) (involving a contract for rendition of services). The Court finds no basis for extending that rule to contracts for the sale of land.

The Court finds Plaintiff's arguments more convincing. Plaintiff cites *The Ryland Group, Inc. v. P. Reed Wills, Trustee*, 229 Va. 459 (1985) (involving Plaintiff-buyer's agreement to buy certain lots from Defendant at a specified price and an option to buy other lots with no settlement dates), for the proposition that a "time is of the essence" provision in a contract, and payment

---

[1] As Plaintiff Vega Investments notes in its brief opposing Defendant's motion to set aside the verdict, the contract provided for a deposit to be made on the effective date of the agreement, that time was of the essence, that the Study Period was limited to forty-five days, and that the parties settle after the study period. (Plaintiff's Brief at 7.)

schedules, demonstrate the parties' intent to adopt a commercially reasonable period for performance and settlement. This was the obvious intent of the parties in this case. Although the immediate contract does not contain a time is of the essence provision, it does specifically grant a forty-five day study period, requiring Defendant to make a cash deposit at the end of that period or terminate the contract. When the study period concluded, Vega Investments contacted Rocky Gorge and requested the deposit. Rocky Gorge asked for an extension of the study period, which Vega refused. Rocky Gorge then decided to terminate the contract. Vega's designation of a specific time period for study and refusal to extend that time demonstrate that time was of the essence in that Vega expected an immediate, decisive action from Rocky Gorge at the conclusion of the study period. Whether Rocky Gorge, in fact, exercised its right of termination within a commercially reasonable time in context of the contract was an issue for the jury to resolve. *Ryland* includes further discussions of reasonable time periods for completion of a contract, all of which are interpreted in the context of each contract. In *Ryland*, the Court defines an outer limit of reasonableness as twenty-one years but notes that individual contracts can reflect reasonable performance periods shorter than twenty-one years.

The Virginia Supreme Court made a similar finding of an intended commercially reasonable time period in *Long Signature Homes, Inc. v. Fairfield Woods, Inc.*, 248 Va. 95 (1994) (A contract to sell building lots was not terminated due to an alleged impossibility of performance, and the seller's duty of performance was not discharged merely by the passage of a reasonable time after performance became temporarily impossible.) The Court said that parties to real estate development contracts assume their agreements will be performed within a commercially reasonable time period, where no time for performance is fixed in the contract itself. This philosophy is supported in the second Restatement of Contracts, § 204, Supplying an Omitted Essential Term:

> When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.

Comment (d) of the Restatement says in relevant part "[W]here there is in fact no agreement (within the contract), the court should supply a term which comports with community standards of fairness and policy ... ." In the instant case, the Court's determination of a reasonable time period for exercising the

right of termination was the fairest way to resolve the parties' disagreement. It also reflects the requirements of the Second Restatement, § 205, Duty of Good Faith and Fair Dealing, which states that every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. The Defendant could not comply with that duty by exercising its right of termination at a commercially unreasonable time.

For the foregoing reasons, the Defendant's motion to set aside the verdict is denied.