Present:  All the Justices

THE ST. JOE COMPANY

OPINION BY
JUSTICE S. BERNARD GOODWYN

v.     Record No. 102342

March 2, 2012

NORFOLK REDEVELOPMENT
AND HOUSING AUTHORITY

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

In this appeal, we consider whether the circuit court erred in imposing a constructive trust on funds removed from a debtor's operating account, by a secured creditor with a perfected interest in the account, when those funds were entrusted to the debtor in its capacity as the agent of a third party.

Background

Norfolk Redevelopment and Housing Authority (NRHA) filed a complaint against the St. Joe Company (St. Joe) and Advantis Real Estate Services Company (Advantis) in the Circuit Court of the City of Norfolk alleging unjust enrichment and seeking imposition of a constructive trust and recovery of funds supplied by NRHA to its agent, Advantis, for the payment of contractors who had performed services for NRHA.  St. Joe held a perfected secured interest in Advantis's operating account and exercised its rights as a secured creditor over that account to have funds from Advantis's account, including those

entrusted to Advantis as NRHA's agent, transferred to a St. Joe account.[1]

NRHA and St. Joe filed an agreed stipulation of facts with the circuit court and submitted cross-motions for summary judgment on the constructive trust and unjust enrichment counts. Following oral argument, the circuit court issued a letter opinion and entered a final order granting NRHA's motion for summary judgment on both counts. St. Joe appeals.

Facts

NRHA entered into a property management agreement with Advantis, under which Advantis would serve as NRHA's agent with regard to repair and architecture contracts for the improvement of an NRHA office building in Norfolk, Virginia. Under the management agreement, when payments became due to a contractor, NRHA was to provide the necessary funds for Advantis to hold in trust for transmission to the contractor on behalf of NRHA. Pursuant to the management agreement, Advantis entered into agreements with a roof repair contractor and an architectural firm for the repair of NRHA's building.

In June 2008, St. Joe became a secured creditor of Advantis, entering into a deposit account control agreement with Advantis and Wachovia Bank. NRHA was not a party to this agreement.

---

[1] Advantis is not a party to this appeal.

On May 30, 2009, Advantis sent NRHA an invoice of $119,221.44 for work performed on the office building: $112,473.06 was due the roofing contractor and $6,478.38 was due Advantis as a management fee. On the same date, Advantis submitted to NRHA an invoice in the sum of $3,041.14, of which $2,869.00 was due the architectural contractor and $172.14 was due Advantis.

On or about June 11 and 18, 2009, NRHA delivered checks and corresponding invoices to Advantis: (1) in the amount of $119,221.44 for the purpose of paying Advantis and the roof repair contractor, and (2) in the amount of $3,041.14 to pay Advantis and the architectural contractor. The check stubs identified the invoice to which each check was applicable. Advantis deposited these checks into its Wachovia master operating account, which was governed by the deposit account control agreement with St. Joe. On July 17 and 20, 2009, NRHA issued cure notices, demanding that Advantis transmit the payments to the contractors.

Advantis did not transmit the payments to the contractors before St. Joe seized control of the Wachovia account, and under the terms of the deposit account control agreement, instructed Wachovia to wire the balance of the Advantis account to a BB&T account held by St. Joe. NRHA sent a letter to St. Joe demanding the return of the money which was supposed to

3

have been paid to NRHA's contractors. St. Joe declined to return the money to NRHA. At all relevant times, the balance of the operating account exceeded $115,342.06, the amount of the fees due the contractors.

Analysis

St. Joe argues that the circuit court erred in determining that the funds in Advantis's account remained the property of NRHA and subject to its control. It also argues that the circuit court erred in imposing a constructive trust absent any evidence that St. Joe exercised control over the funds in the account by fraud, abuse of confidence, or other questionable means. St. Joe further maintains that regardless of the propriety of imposing a constructive trust, NRHA cannot prevail because it is unable to adequately trace the funds into St. Joe's possession.

NRHA responds that the circuit court correctly found that the funds remained its property until used for their intended purpose. NRHA also asserts that because Advantis did not own the funds, the circuit court properly found that a constructive trust existed and that the funds could be traced into St. Joe's possession. We agree with NRHA.

In an appeal from a circuit court's decision to grant or deny summary judgment, this Court reviews the application of

4

law to undisputed facts de novo.  E.g., <u>Johnson v. Hart</u>, 279 Va. 617, 623, 692 S.E.2d 239, 242 (2010).

In the Commonwealth, it is well established that

> [w]here money or property is intrusted [sic] to an agent for a particular purpose, it is impressed by the law with a trust in favor of the principal until it has been devoted to such purpose; and, if it be wrongfully diverted by the agent, such trust follows the fund or property in the hands of a third person and the principal is ordinarily entitled to pursue and recover it as long as it can be traced and identified, if no superior equities have intervened. This applies whether it is the identical property put into the hands of the agent or other property purchased by the agent with the proceeds, and even when it has been mixed with the mass of other property, if not so as to be incapable of being distinguished.

<u>Baldwin v. Adkerson</u>, 156 Va. 447, 463-64, 158 S.E. 864, 869 (1931) (citations omitted).  Correspondingly, a trustee does not become the owner of entrusted funds unless the trustee is granted unrestricted use thereof.  <u>Broaddus v. Gresham</u>, 181 Va. 725, 732, 26 S.E.2d 33, 36 (1943) (noting that money paid to another may create a trust or debt, depending upon the intention of the payor) (citation omitted).

The stipulated evidence established that Advantis acted as NRHA's agent in contracting with and paying the contractors. Likewise, NRHA delivered the funds for the express purpose of paying the contractors.  NRHA never granted Advantis unrestricted use of the funds and in fact issued cure notices demanding that the money be used to pay the contractors.  NRHA

5

provided the funds for a specified purpose.  Although St. Joe

notes that the funds intended for payment of the contractors

were placed in the master operating account and not in the

trust account contemplated by the contract between NRHA and

Advantis for rent collections,[2] the failure on the part of

Advantis to put the funds intended for payment of the

contractors into a trust account does not preclude a finding

that the funds were held for transmission to the contractors.

"Constructive trusts are those which the law creates,

independently of the intention of the parties, to prevent fraud

or injustice."  Leonard v. Counts, 221 Va. 582, 588, 272 S.E.2d

190, 195 (1980).  Consequently, constructive trusts "occur not

only where property has been acquired by fraud or improper

---

[2]     The contract between NRHA and Advantis (Manager)
provided as follows:

> The Manager shall deposit all rents and other
> funds collected from the operation of each Property
> or Properties, including any and all advance rents,
> in a bank approved by Owner in a separate or combined
> account or accounts at the direction of Owner . . .
> for the Property in the name of: Advantis Real Estate
> Services Company as Agent for Norfolk Redevelopment &
> Housing Authority.

> The bank shall be informed in writing that the
> account and funds therein are held in trust for and
> owned by the Owner.  Out of each account, Manager
> shall pay the operating expenses of the Property and
> any other payments relative to the Property as
> required by the terms of this Agreement.  If more
> than one account is required to operate the Property,
> each account must have a unique name.

6

means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit." Jones v. Harrison, 250 Va. 64, 70, 458 S.E.2d 766, 770 (1995) (citations and internal quotation marks omitted). A circuit court may impose a constructive trust, thereby preventing a failure of justice, "even when property has been acquired fairly and without any improper means." E.g., Faulknier v. Shafer, 264 Va. 210, 215, 217, 563 S.E.2d 755, 758, 759 (2002). Contrary to St. Joe's assertion, no allegation of fraud or abusive conduct is required for the imposition of a constructive trust upon the funds in the Advantis account. See, e.g., Richardson v. Richardson, 242 Va. 242, 245-47, 409 S.E.2d 148, 150-51 (1991) (imposing constructive trust to prevent unjust enrichment, despite absence of wrongdoing on part of the gratuitous transferee).

This Court has stated:

When property is given or devised to a defendant in breach of a donor's or testator's contract with a plaintiff, equity will impose a constructive trust upon that property in the hands of the recipient even though (1) the transfer is not the result of breach of a fiduciary duty or an actual or constructive fraud practiced upon the plaintiff, and (2) the donee or devisee had no knowledge of the wrongdoing or breach of contract.

Faulknier, 264 Va. at 215, 563 S.E.2d at 758 (quoting Jones, 250 Va. at 69, 458 S.E.2d at 769).

7

The scenario described in Faulknier and Jones is analogous to the facts in the instant case. NRHA provided funds to Advantis for the payment of the contractors, but Advantis did not pay them in accord with the management agreement. Although not "given or devised" to St. Joe, the funds arrived "in the hands of" the company, despite its apparent lack of knowledge that Advantis was to pay the contractors with the funds. The property was acquired legally by St. Joe, but allowing the company to retain the funds would be contrary to the principles of equity.

"[I]n order to be entitled to the benefit of a constructive trust, a claimant's money must be 'distinctly traced' into the chose in action, fund, or other property which is to be made the subject of the trust." Crestar Bank v. Williams, 250 Va. 198, 204, 462 S.E.2d 333, 335 (1995). For commingled funds, such tracing may be sufficiently accomplished under the lowest intermediate balance rule by a showing that the amount in the destination account exceeded the value of the constructive trust. Old Republic Nat'l Title Ins. Co. v. Tyler, 155 F.3d 718, 724 (4th Cir. 1998). ("In cases where the trust property has been commingled, courts resolve the issue with reference to the so-called 'lowest intermediate balance' rule, . . . which is grounded in the fiction that, when faced with the need to withdraw funds from a commingled account, the

8

trustee withdraws non-trust funds first, thus maintaining as much of the trust's funds as possible. Hence, pursuant to the lowest intermediate balance rule, if the amount on deposit in the commingled fund has at all times equaled or exceeded the amount of the trust, the trust's funds will be returned in their full amount."); see Federal Reserve Bank of Richmond v. Peters, 139 Va. 45, 69, 123 S.E. 379, 386 (1924) ("This money passed from the agent's hands to the hands of the receiver impressed with a trust, and is sufficiently identified, since it appears that an amount equal to the amount held [in trust] was in its hands . . . until its failure."). In the instant case, the parties stipulated that the balance of the Wachovia account did not fall below the amount of the funds designated for payment to the contractors.

Furthermore, St. Joe stipulated that it "has maintained possession of the $115,343.06 that is the subject of this case during the pendency of this litigation." Even absent application of the lowest intermediate balance rule, St. Joe's stipulation effectively ends the inquiry, as it has admitted possession of the very funds at issue.

We therefore hold that imposition of a constructive trust was proper and necessary to prevent a failure of justice, and unjust enrichment.

## Conclusion

Accordingly, for the reasons stated, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>